**FILED**

June 14, 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

lad

DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS - WACO DIVISION

PROFESSOR MICHAEL STEVEN MOATES,
MA, QBA, LBA, LMHP, LCMHC
2700 COLORADO BOULEVARD APT 1526
DENTON, TEXAS 76210
MIKE@BEHAVIORMED.ORG

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**PLAINTIFF**

**VS.**

JOSEPH R. BIDEN JR.
PRESIDENT OF THE UNITED STATES
950 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20530-0001

STATE OF GEORGIA
40 CAPITOL SQUARE, SW
ATLANTA, GA 30334

STATE OF LOUISIANA
1885 N. THIRD STREET
BATON ROUGE, LA 70802

STATE OF MISSOURI
P.O. BOX 899
JEFFERSON CITY, MO 65102

STATE OF NORTH CAROLINA
P.O. BOX 629
RALEIGH, NC 27602

STATE OF OKLAHOMA
313 NE 21ST STREET
OKLAHOMA CITY, OK 73105

STATE OF TEXAS
300 W. 15TH STREET, 7TH FLOOR
AUSTIN, TX 78701

STATE OF VIRGINIA
202 NORTH NINTH STREET
RICHMOND, VIRGINIA 23219
WILLIAM BOURLAND, INDIVIDUALLY
7117 FORESTVIEW DR

CASE NO. **6:22-cv-00626**

**JURY TRIAL DEMANDED**

ARLINGTON, TX 76016                     )

STATE OF WYOMING                        )
109 STATE CAPITOL                       )
CHEYENNE, WY 82002                      )

TEXAS DEPARTMENT OF LICENSING AND       )
REGULATION                              )
920 Colorado                            )
Austin, Texas 78701                     )

MICHAEL ARISMENDEZ, INDIVIDUALLY        )
920 Colorado                            )
Austin, Texas 78701                     )

KATIE BRICE, INDIVIDUALLY               )
920 Colorado                            )
Austin, Texas 78701                     )

WILLIAM BOURLAND, INDIVIDUALLY          )
7117 FORESTVIEW DR                      )
Arlington, TX 76016                     )

BRIAN FINDLAY, INDIVIDUALLY             )
6310 N MACARTHUR BLVD APT: 3039         )
IRVING, TX 75039                        )

MARIEL FERNANDEZ, INDIVIDUALLY          )
10503 METRIC DRIVE                      )
DALLAS, TX 7524                         )

JOYCE MAUK, INDIVIDUALLY                )
1300 W LANCASTER                        )
FORT WORTH, TX 76102                    )

CAROL SLOAN, INDIVIDUALLY               )
1120 MEDICAL PLAZA DRIVE                )
SUITE 100                               )
THE WOODLANDS, TX 77380                 )

LAURIE SNYDER, INDIVIDUALLY             )
PO BOX 92123                            )
SOUTHLAKE, TEXAS 76092                  )

STEPHANIE SOKOLOSKY, INDIVIDUALLY       )
PO BOX 532228                           )
HARLINGEN, TX 78553                     )

# **PLAINTIFF ORIGINAL PETITION**

*TO THE HONORABLE COURT APPEARS*
*PROFESSOR MICHAEL MOATES, MA, QBA, LBA, LMHP, LCMHC - PRO SE*
*TO BRINGS THIS CLAIM AGAINST THE GOVERNMENT AND PRIVATE ENTITIES*

## JURISDICTION

1. THIS COURT HAS JURISDICTION FOR VARIOUS REASONS.
   FIRST, THERE ARE MANY ISSUES OF LAW THAT ARE FEDERAL
   AND CONSTITUTIONAL QUESTIONS. SEE ARTICLE III SECTION
   II. SEE 28 U.S.C. § 1331. THE MAJORITY OF THE CLAIMS
   BROUGHT FORTH IN THIS ACTION ARE DONE AS A MATTER OF
   CONSTITUTIONAL LAW.

## VENUE

2. VENUE IS PROPER BECAUSE THIS COURT IS IN THE "JUDICIAL
   DISTRICT IN WHICH A SUBSTANTIAL PART OF THE EVENTS OR
   OMISSIONS GIVING RISE TO THE CLAIM OCCURRED..."
   FURTHER, DEFENDANT STATE OF TEXAS AND MAJORITY OF
   DEFENDANTS ARE BASED IN AUSTIN, TEXAS IN THIS COURT'S
   JURISDICTION. SEE 28 U.S.C. § 1391.

## PARTIES AND SERVICE CONTACTS

3. PLAINTIFF MICHAEL STEVEN MOATES IS A LICENSED
   BEHAVIOR ANALYST, LICENSED CLINICAL MENTAL HEALTH
   COUNSELOR, COLLEGE PROFESSOR, JOURNALIST, AND

DOCTOR OF EDUCATION CANDIDATE. HE CAN BE SERVED AT THE ADDRESS ABOVE. PROFESSOR MOATES IS A QUALIFIED BEHAVIOR ANALYST BY THE QUALIFIED APPLIED BEHAVIOR ANALYSIS CREDENTIALING BOARD AND AN INTERNATIONAL BEHAVIOR ANALYST BY THE INTERNATIONAL BEHAVIOR ANALYST ORGANIZATION. HE HAS NUMEROUS BEHAVIORAL AND MENTAL HEALTH CERTIFICATIONS AND COURSEWORK FROM THE DEPARTMENT OF JUSTICE, DEPARTMENT OF HOMELAND SECURITY, FEDERAL AVIATION ADMINISTRATION, AND CENTERS FOR DISEASE CONTROL. HE HAS COMPLETED COURSEWORK AT STANFORD, JOHNS HOPKINS, AND OTHER PRIVATE AND STATE UNIVERSITIES AS WELL AS UNIVERSITIES OVERSEAS. PROFESSOR MOATES HAS BEEN IN THE MENTAL HEALTH AND BEHAVIOR ANALYSIS FIELDS SINCE 2015.

4. DEFENDANT JOSEPH R. BIDEN JR. IS THE PRESIDENT OF THE UNITED STATES AND CAN BE SERVED VIA THE UNITED STATES DEPARTMENT OF JUSTICE AT THE ADDRESS LISTED ABOVE.

5. DEFENDANTS STATES OF GEORGIA, LOUISIANA, MISSOURI, NORTH CAROLINA, TEXAS, VIRGINIA, AND WYOMING ARE STATES AND TERRITORIES OF THE UNITED STATES AND CAN

BE SERVED AT THE OFFICE OF THE ATTORNEY GENERAL FOR THEIR RESPECTIVE STATES.

6. DEFENDANTS TEXAS COMMISSION OF LICENSING AND REGULATION, MICHAEL ARISMENDEZ, AND KATIE BRICE ARE REPRESENTATIVES OF THE STATE LICENSING BOARD.

7. DEFENDANTS WILLIAM BOURLAND, BRIAN FINDLAY, MARIEL FERNENDEZ, JOYCE MAUK, CAROL SLOAN, LAURIE SNYDER, AND STEPHANIE SOKOLOSKY ARE MEMBERS OF THE TEXAS BEHAVIOR ANALYSIS ADVISORY BOARD WHO ARE BEING SUED INDIVIDUALLY FOR ABUSE OF OFFICE AND CORRUPTION.

## **NOTICE OF CONSTITUTIONAL CHALLENGE**

8. PURSUANT TO RULE 5.1 OF THE FEDERAL RULES OF CIVIL PROCEDURE, THE PLAINTIFF HEREBY NOTIFIES ALL PARTIES OF CONSTITUTIONAL CHALLENGE OF BOTH FEDERAL AND STATE STATUTES.

## **BACKGROUND AND FACTS OF THE CASE**

### ***LICENSURE:***

9. STARTING IN EARLY 2009, NEVADA AND OKLAHOMA BECAME THE FIRST STATES TO LICENSE BEHAVIOR ANALYSTS IN THE

9. THE MAJORITY OF STATES HAVE ENACTED SOME FORM OF THE MODEL LICENSURE ACT FROM THE ASSOCIATION OF PROFESSIONAL BEHAVIOR ANALYSTS[1]. THIS MODEL LEGISLATION IS VERY PROBLEMATIC BECAUSE DESPITE COURT PRECEDENT, IT TARNISHES THE CIVIL RIGHTS OF PROFESSIONALS AND THOSE THEY SERVE.

10.   SINCE 2009, MANY FORMS OF LEGISLATION HAVE BEEN INTRODUCED AND THEY TAKE THESE FORMS:

    a. IN ORDER TO BE LICENSED, YOU MUST BE CERTIFIED BY THE BEHAVIOR ANALYST CERTIFICATION BOARD

    b. IN ORDER TO BE LICENSED, YOU MUST BE CERTIFIED BY THE BEHAVIOR ANALYST CERTIFICATION BOARD OR AN ENTITY THAT IS ACCREDITED BY THE NCCA OR ANSI THAT IS APPROVED BY THE BOARD

    c. IN ORDER TO BE LICENSED, YOU MUST BE CERTIFIED BY A NON-PROFIT ENTITY THAT IS ACCREDITED BY THE NCCA OR ANSI THAT IS APPROVED BY THE BOARD

    d. IN ORDER TO BE LICENSED, YOU MUST BE CERTIFIED BY THE BEHAVIOR ANALYST CERTIFICATION BOARD OR AN

---

[1] https://www.apbahome.net/resource/resmgr/pdf/APBA_ModelLicensureAct_Aug20.pdf

ENTITY THAT IS ACCREDITED BY THE NCCA OR ANSI
THAT IS EQUIVALENT

11.    IN ADDITION TO THE STATUTORY REQUIREMENTS, MANY
STATES THAT HAVE THE AUTHORITY TO APPROVE
ALTERNATIVE CERTIFICATION BOARDS SUCH AS THE STATE
OF TEXAS REFUSE TO DO SO THUS FORCING SOMEONE TO
ASSOCIATE WITH THE BEHAVIOR ANALYST CERTIFICATION
BOARD.

12.    THIS IS UNLIKE ANY OTHER FIELD. FOR EXAMPLE, FOR
COUNSELING, PSYCHOLOGY, MEDICINE, SOCIAL WORK,
MARRIAGE AND FAMILY THERAPY, ETC STATES HAVE
REQUIREMENTS TO LICENSURE INDEPENDENT OF ANY 3RD
PARTY CORPORATION. THUS, TO BECOME LICENSED YOU ARE
NOT FORCED TO JOIN A CULT.

## _UNETHICAL PRACTICE:_

13.    IN 1994, THE JUDGE ROTENBERG CENTER IN CANTON, MA
GOT CLEARANCE FROM THE FDA TO SHOCK CHILDREN WITH
AUTISM FOR WHAT THE SCHOOL DEEMED BAD BEHAVIOR.

THE FDA HAS BEEN TRYING TO REVOKE THIS SINCE 2020. SEE JUDGE ROTENBERG CENTER V FDA.

14.    THEY STRAP THESE CHILDREN DOWN AND SHOCK THEM OVER AND OVER. IN FACT, ONE PATIENT THE COURT FOUND HE HAD BEEN SHOCKED 37 TIMES.



15.    CURRENTLY, THE BEHAVIOR ANALYST CERTIFICATION BOARD, THE ASSOCIATION FOR PROFESSIONAL BEHAVIOR ANALYSTS, AND THE ASSOCIATION OF BEHAVIOR ANALYSIS INTERNATIONAL DE FACTO ENDORSES THE USE OF SHOCKING CHILDREN. WE KNOW THIS FOR VARIOUS REASONS:

a. THE ASSOCIATION OF BEHAVIOR ANALYSIS INTERNATIONAL HOSTS THE JUDGE ROTENBERG CENTER AT THEIR ANNUAL CONFERENCE EVERY YEAR[23].

b. THE BEHAVIOR ANALYST CERTIFICATION BOARD HAS A LONG HISTORY OF APPROVING "ETHICS" CREDIT FOR THESE WORKSHOPS.

**Symposium #520**                                                    **CE Offered: BACB — Ethics**
The Right to Effective Treatment in the Crosshairs: Massachusetts Versus Judge Rotenberg Center

c. THE BEHAVIOR ANALYST CERTIFICATION BOARD CERTIFIES MANY CURRENT AND FORMER MEMBERS OF THE BOARD OF DIRECTORS AND STAFF OF THE JUDGE ROTENBERG CENTER. EXAMPLES INCLUDE:

    i.    KALI KUHAREVICZ, M.S.ED., BCBA, LABA - CASE MANAGER

    ii.    JUSTIN HALTON, BCBA, LABA - DIRECTOR OF SPECIAL EDUCATION

    iii.    DAWN O'NEILL, PHD, BCBA-D, LABA - CLINICAL

    iv.    OLIVIA TREVES, M.S., BCBA, LABA - CLINICAL

    v.    MARYELLEN NEWMAN, M.S., LMHC, BCBA, LABA - CLINICAL

    vi.    DAVID PLANTE, M.ED, BCBA, LABA - SPECIAL EDUCATION TEACHER

    vii.    CASEY GALLAGHER, M.ED, BCBA - TESTING COORDINATOR

    viii.    ROBERT VON HEYN, PHD, BCBA - DIRECTOR OF CLINICAL SERVICES

    ix.    NATHAN BLENKUSH PH.D, BCBA-D - CLINICAL SERVICES

    x.    JESSICA E. VAN STRATTON, PH.D., BCBA-D, LBA - BOARD OF DIRECTORS

[2] https://www.abainternational.org/events/program-details/event-detail.aspx?sid=72948
[3] https://www.abainternational.org/events/program-details/event-detail.aspx?sid=58651&by=Translational

xi.     RICHARD MALOTT, PH.D., BCBA-D - BOARD OF DIRECTORS

xii.     JOSHUA K. PRITCHARD, PHD, BCBA-D - BOARD OF DIRECTORS

xiii.     NICK LOWTHER, MA, BCBA

xiv.     R. NICOLLE CARR, PH.D., BCBA-D, LBA-OK - ASST. DIRECTOR OF
        CLINICAL SERVICES

xv.     IRENE MCNULTY, M.A., BCBA, LABA - SPECIAL EDUCATION TEACHER

xvi.     DANIEL IVANOV, M.S., BCBA, LABA(MA) - RESIDENTIAL COORDINATOR

xvii.     BRITTANY GREENE, ED.S., NCSP, BCBA, LABA - MENTAL HEALTH ASST.

xviii.     AYDRIEN CATHCART, MSED, BCBA - SPECIAL EDUCATION TEACHER

xix.     KELLY ILSLEY, PSYD, ABPP, MBA, BCBA-D, OTR - PSYCHOLOGIST

xx.     FABIO BERTUOL, M.ED. BCBA - SPECIAL EDUCATION TEACHER

xxi.     SHANE SCHOFIELD, M.S. BCBA - CASE MANAGER

xxii.     DANNY QIAN, EDS, BCBA - CASE MANAGER

xxiii.     MENCIA LOPEZ, MA, BCBA - BEHAVIOR SPECIALIST

xxiv.     ALAN DIAS-MARTIN, MA, BCBA - CASE MANAGER

xxv.     ASLI UNVER, MA, BCBA - CLINICAL ASST.

xxvi.     DR. CHRISTINE C SANDS, PSYD, BCBA

xxvii.     SARAH CONNELY, PHD, BCBA-D

d. **DESPITE BEING NOTIFIED OF THIS MULTIPLE TIMES THEY WILLINGLY CHOOSE TO CONTINUE CERTIFYING PEOPLE WHO ARE CONNECTED TO THE SHOCKING OF MINOR CHILDREN WITH AUTISM.**

e. **THEY CLAIM LACK OF JURISDICTION DESPITE HAVING THE ABILITY TO CHOOSE WHO THEY ASSOCIATE WITH UNDER BOY SCOUTS OF AMERICA V DALE (2000).**

16.    THIS PRACTICE IS CRUEL AND UNUSUAL PUNISHMENT. NO CHILD SHOULD BE SHOCKED FOR SIMPLY REFUSING TO TAKE THEIR COAT OFF BECAUSE THEY ARE COLD, OR BECAUSE THEY SAY A CURSE WORD.

17.    IN ADDITION TO SHOCKING MINOR CHILDREN WHO ARE AUTISTIC, THEY HAVE A LONG HISTORY OF HUMILIATING AND DEGRADING THEM. THIS HAS BEEN GOING ON SINCE 1979. THIS SCHOOL HAS BEEN ACCUSED OF CHILD ABUSE, NEGLECT, IMPROPER AND UNSAFE USE OF RESTRAINTS, PUNISHMENTS DESIGNED TO HUMILIATE THE RESIDENTS, FAILURE TO PROVIDE PROPER NUTRITION, FAILURE TO PROVIDE PROPER MEDICAL CARE, AND SEVERE BRUISING/LACERATIONS/SCARS FROM AVERSIVE INTERVENTIONS.

18.    THE REPORT FOUND THAT STAFF PINCHED RESIDENTS TO MAKE THEM REPEAT PHRASES UTTERED BY STAFF, AND THREATENED RESIDENTS WITH THE USE OF AVERSIVES IF THEY DID NOT COMPLY WITH THE STAFF'S ARBITRARY DEMANDS.

19.    THE INSTITUTE WAS FOUND TO HAVE REMOVED RECORDS,

MAKING THEM INACCESSIBLE TO INVESTIGATORS AND FAMILY.

20.    AN INVESTIGATION FOUND THAT RESIDENTS WERE

PROVOKED INTO VIOLENT AND AGGRESSIVE BEHAVIOR AS

PART OF THE FILMING OF A BEFORE-AND-AFTER VIDEO,

WHERE STAGED CLIPS OF THE RESIDENTS RESPONDING TO

PROVOCATION WERE SHOWN AS EXAMPLES OF HOW THEY

HAD BEHAVED BEFORE TREATMENT.

21.    IN 1980, 25-YEAR-OLD ROBERT COOPER DIED OF A

HEMORRHAGIC BOWEL OBSTRUCTION.

22.    IN 1981, DANNY ASWAD, A 14-YEAR-OLD AUTISTIC BOY, DIED

AT THE JRC (THEN CALLED THE BEHAVIOR RESEARCH

INSTITUTE) WHILE RESTRAINED FACE-DOWN ON A BED.

23.    IN 1985, VINCENT MILLETICH, A 22-YEAR-OLD AUTISTIC

MAN, DIED AT THE INSTITUTE. HE HAD BEEN RESTRAINED AND

FORCED TO WEAR A WHITE NOISE EMITTING SENSORY

DEPRIVATION HELMET WHEN HE DIED OF ASPHYXIATION

AFTER HAVING AN EPILEPTIC SEIZURE.

24.    IN 1987, ABIGAIL GIBSON, A 29-YEAR-OLD WOMAN WITH A

SEIZURE DISORDER, WAS DETAINED AT THE BEHAVIORAL

RESEARCH INSTITUTE AND SUBJECT TO REGULAR PHYSICAL AVERSIVES BY THE PROGRAM THERE. SHE HAD A HEART ATTACK IN HER ROOM AT NIGHT, AND DIED TWO DAYS LATER AT STURDY MEMORIAL HOSPITAL.

25.   IN 1990, LINDA CORNELISON, A 19-YEAR-OLD NON-VERBAL AND INTELLECTUALLY DISABLED RESIDENT, DIED OF COMPLICATIONS RELATED TO A RUPTURED BOWEL. AN INVESTIGATION OF CORNELISON'S DEATH, CONDUCTED BY THE MASSACHUSETTS DEPARTMENT OF MENTAL RETARDATION, REPORTED THAT THE TREATMENT WAS "INHUMANE BEYOND ALL REASON" AND VIOLATED "UNIVERSAL STANDARDS OF HUMAN DECENCY."

26.   IN 1998, DISABLED 16-YEAR-OLD SILVERIO GONZALEZ DIED IN THE INSTITUTE'S CUSTODY. HE WAS HOUSED THERE FOR 11 MONTHS BEFORE MAKING AN ATTEMPT TO FREE HIMSELF BY JUMPING FROM A TRANSPORT BUS. HE DIED FROM HEAD TRAUMA FROM THE FALL.

27.   IN 2002, AN AUTISTIC TEENAGER FROM NEW YORK CITY NAMED ANDRE MCCOLLINS WAS RESTRAINED ON A FOUR-POINT BOARD AND SHOCKED 31 TIMES OVER THE

COURSE OF SEVEN HOURS. THE FIRST SHOCK WAS GIVEN AFTER HE DID NOT TAKE OFF HIS COAT WHEN ASKED; SUBSEQUENT SHOCKS WERE GIVEN AS PUNISHMENTS FOR SCREAMING AND TENSING UP WHILE BEING SHOCKED.

28.   IN 2010, THE AMERICAN HUMAN RIGHTS ORGANIZATION, DISABILITY RIGHTS INTERNATIONAL, FILED AN APPEAL WITH THE OFFICE OF THE UNITED NATIONS SPECIAL RAPPORTEUR ON TORTURE, STATING THEY BELIEVED THE RESIDENTS WERE BEING SUBJECTED TO HUMAN RIGHTS ABUSES DUE TO THE CENTER'S USE OF AVERSIVES. IN 2013, THE SPECIAL RAPPORTEUR DECLARED THAT THE USE OF THE GED DEVICE VIOLATED THE UNITED NATIONS CONVENTION AGAINST TORTURE.

29.   IT COSTS $275,000 PER YEAR TO KEEP A RESIDENT AT THE JRC, WHICH IS PAID FOR IN TAX DOLLARS.

30.   IN 2006, IT WAS FOUND THAT 14 OF THE SCHOOL'S 17 PSYCHOLOGISTS, INCLUDING THE DIRECTOR OF PSYCHOLOGY, LACKED PROPER LICENSES. BECAUSE THE STATE REIMBURSES THE JRC FOR SERVICES RENDERED BY DOCTORS, THE JRC HAD OVERBILLED THE STATE BY NEARLY

$800,000. FOR MISREPRESENTING THE LICENSING STATUS OF THE PSYCHOLOGISTS, THE BOARD OF REGISTRATION OF PSYCHOLOGISTS FINED THE JRC $43,000, AND MATTHEW ISRAEL $29,600.

**_TEXAS STANDARD FOR LICENSURE:_**

31.    SINCE 2017, THE STATE OF TEXAS, TEXAS DEPARTMENT OF LICENSING AND REGULATION, AND BEHAVIOR ANALYST ADVISORY BOARD HAVE REFUSED TO APPROVE AN ALTERNATIVE CERTIFICATION ROUTE TO THE BEHAVIOR ANALYST CERTIFICATION BOARD.

32.    THE TEST THE STATE HAS DESIGNED IS WHETHER OR NOT THE PROGRAM HAS THE SAME STANDARDS AS THE BEHAVIOR ANALYST CERTIFICATION BOARD. EVERY TIME AN ALTERNATIVE IS PRESENTED, IT IS COMPARED TO THE BEHAVIOR ANALYST CERTIFICATION BOARD RATHER THAN BEING CONSIDERED INDEPENDENTLY AS TO WHETHER THE STANDARDS ARE ENOUGH TO PROTECT CONSUMERS.

33.    THE STATE OF TEXAS HAS REFUSED TO CREATE A PROCESS BY WHICH ONE CAN APPLY FOR LICENSURE BY RECIPROCITY AS REQUIRED BY THE BEHAVIOR ANALYST

LICENSURE ACT. THE LAW IS CLEAR AND STATES THAT THE DEPARTMENT "SHALL" ISSUE A LICENSE VIA RECIPROCITY IN CERTAIN CIRCUMSTANCES. THE LEGISLATURE CLEARLY INTENDED A PROCESS BY RECIPROCITY WHICH IS WHY THEY ADDED THE PROVISION TO THE LAW. IF YOU HAVE TO MEET ALL THE INITIAL REQUIREMENTS THAT PROVISION WOULD SERVE NO PURPOSE.

## *DUE PROCESS - LACK OF GRANDFATHER PERIOD AND REASONABLE NOTICE:*

34.   WHEN THE VARIOUS STATES CREATED THE LAWS, MANY WERE ALREADY PRACTICING AND HAD GOTTEN CERTIFIED. THE STATE NOR THE LEGISLATURE PROVIDED REASONABLE NOTICE OR CONCESSION FOR THOSE WHO HAD ALREADY COMPLETED REQUIREMENTS TO PRACTICE IN THE RESPECTIVE FIELD.

## *DUE PROCESS - LACK OF HEARING (TEXAS RECIPROCITY):*

35.   ON 7 APRIL 2022, THE TEXAS DEPARTMENT OF LICENSING AND REGULATION DENIED AN APPLICATION BY THE PLAINTIFF VIA RECIPROCITY CALLING IT INVALID. DESPITE THE LAW SAYING THAT THEY "SHALL" HAVE A PROCESS FOR THIS. IT

ALSO SAYS THEY CAN ONLY "DENY" A LICENSE AFTER A DUE

PROCESS HEARING.

Mr. Moates:

TLDR has received two applications from you for a Behavior Analyst license. The first application is titled by you as an "Application for Reciprocity". Please be advised that this is an invalid application that is not generated or approved by TDLR. Additionally, you were informed by TDLR Assistant General Counsel,

## *DUE PROCESS - LACK OF APPROPRIATE TIME FRAME (TEXAS):*

36.    THE PLAINTIFF HAS BEEN TRYING TO GET LICENSED SINCE

DECEMBER OF 2021.  THE DEPARTMENT HAS FAILED TO TAKE

ACTION, ONLY ENGAGING IN CONSTANT DELAYS.

37.    THE BEHAVIOR ANALYST ADVISORY BOARD HAS MET

MULTIPLE TIMES IN 2022 IN WHAT THEY CALL A

"WORKGROUP." THEY CONDUCTED OFFICIAL BOARD

BUSINESS THAT THEY WOULD NOT HAVE PARTICIPATED IN IF

NOT FOR THEIR POSITION ON THE BOARD. THEY DID NOT

HAVE A QUORUM. THUS, THE RECOMMENDATION NOT TO

RECOGNIZE ALTERNATIVE CERTIFICATION BOARDS THEY

MADE TO THE FULL BOARD SHOULD BE DEEMED NULL AND

VOID.

38.    FURTHER, THE BEHAVIOR ANALYST ADVISORY BOARD HAS

NOT FOLLOWED ITS OWN RULES. RULE §121.69 (A) STATES

"THE ADVISORY BOARD SHALL MEET AT LEAST TWICE EACH
YEAR AND AT THE CALL OF THE PRESIDING OFFICER OF THE
COMMISSION OR THE EXECUTIVE DIRECTOR." PRIOR TO 7
JUNE 2022, THE BEHAVIOR ANALYST ADVISORY BOARD HAD
NOT MET IN OVER A YEAR.

## DUE PROCESS - VAGUE AMBIGUOUS STATUTES AND ADMINISTRATIVE RULES:

39.   MUCH OF THE BEHAVIOR ANALYST STATUTES IN THE
DIFFERENT STATES, IS VAGUE, AMBIGUOUS, AND UNCLEAR.
EXAMPLES INCLUDE BUT ARE NOT LIMITED TO:

### TEXAS

    a. THE TEXAS LAW DEFINES CERTIFYING ENTITIES AND
REQUIRES DEPARTMENTAL APPROVAL FOR
ALTERNATIVES. BUT WHO HAS THE AUTHORITY TO GIVE
DEPARTMENTAL APPROVAL. THE EXECUTIVE DIRECTOR?
COMMISSION? PROGRAM DIRECTOR? GENERAL
COUNSEL?

    b. THE TEXAS LAW EXEMPTS THOSE WHO "DO NOT
INVOLVE DIRECT SERVICES TO INDIVIDUALS." DOES THIS

INCLUDE ANALYSTS OF THE FBI WHO PROVIDE

INFORMATION REGARDING CRIMINALS?

c. THE LAW AND THE TEXAS ADMINISTRATIVE CODE DO

NOT DEFINE WHAT IT WOULD TAKE TO BECOME A

DEPARTMENT APPROVED ENTITY. THUS, A VIOLATION OF

DUE PROCESS OF FAIR NOTICE OF WHAT IS REQUIRED.

d. THE ADMINISTRATIVE CODE DOES NOT COMPLY WITH

THE LAW REGARDING A PROCESS FOR RECIPROCITY

AND THUS DENIES FAIR NOTICE OF PROCESS.

## _LEGISLATIVE INTENT_

40.   THE STATUTE INTENDED FOR ALTERNATIVE CERTIFICATION.

a. THE LANGUAGE IS CLEAR "CERTIFYING ENTITY" MEANS

THE NATIONALLY ACCREDITED BEHAVIOR ANALYST

CERTIFICATION BOARD **OR ANOTHER ENTITY** THAT IS

ACCREDITED BY THE NATIONAL COMMISSION FOR

CERTIFYING AGENCIES OR THE AMERICAN NATIONAL

STANDARDS INSTITUTE" EMPHASIS ADDED.

41.   IT ALSO INTENDED FOR THOSE FROM THE QUALIFIED

APPLIED BEHAVIOR ANALYSIS BOARD TO BE ABLE TO BE

CERTIFIED.

a. THE LANGUAGE RECOGNIZES THE "DESIGNATED AS AN "APPLIED BEHAVIOR ANALYSIS TECHNICIAN..." THE APPLIED BEHAVIOR ANALYSIS TECHNICIAN IS A CREDENTIAL THAT IS ONLY OFFERED BY THE QUALIFIED APPLIED BEHAVIOR ANALYSIS CREDENTIALING BOARD. IT IS A FEDERAL TRADEMARK THAT IS PROTECTED FROM BEING USED BY ANY OTHER ENTITY[4].

b. THEY CLEARLY RECOGNIZE THAT THE QABA IS A BEHAVIOR ANALYSIS BOARD.

42.   IT IS INTENDED FOR LICENSE VIA RECIPROCITY.

a. THE LANGUAGE STATES "THE DEPARTMENT SHALL ISSUE A LICENSE TO A PERSON WHO IS CURRENTLY LICENSED AS A BEHAVIOR ANALYST OR AS AN ASSISTANT BEHAVIOR ANALYST FROM ANOTHER STATE OR JURISDICTION THAT IMPOSES LICENSURE REQUIREMENTS SIMILAR TO THOSE SPECIFIED IN THIS CHAPTER."

***DUE PROCESS - BEHAVIOR ANALYST CERTIFICATION BOARD NOT REQUIRED TO FOLLOW DUE PROCESS:***

---

[4] https://tmsearch.uspto.gov/bin/showfield?f=doc&state=4803:d9zdq6.3.1

43.    ANY LAW REQUIRING CERTIFICATION FROM THE BEHAVIOR ANALYST CERTIFICATION BOARD VIOLATES DUE PROCESS. THAT IS BECAUSE THE BEHAVIOR ANALYST CERTIFICATION BOARD IS NOT REQUIRED TO ENGAGE IN DUE PROCESS REGARDING ITS REQUIREMENTS AS A PRIVATE CORPORATION.

44.    FURTHER, AS THE SUPREME COURT HELD IN BOY SCOUTS OF AMERICA V DALE (2000), PRIVATE CORPORATIONS CANNOT BE FORCED TO ASSOCIATE WITH ANY PERSON. THUS, IF THE BEHAVIOR ANALYST CERTIFICATION BOARD CHOOSES NOT TO ASSOCIATE WITH SOMEONE THEY WOULD NOT BE ELIGIBLE FOR LICENSURE WHICH WOULD BE A VIOLATION OF DUE PROCESS AND THE FIRST AMENDMENT.

## *DUE PROCESS - MISSOURI CONFLICTING ADMINISTRATIVE RULES:*

45.    THE STATE OF MISSOURI HAS DENIED DUE PROCESS BY GIVING REASONABLE EXPECTATIONS OF WHAT IS REQUIRED TO BECOME LICENSED IN THEIR STATE.  IN THEIR DEFINITION THEY DEFINE A CERTIFYING ENTITY AS "CERTIFYING ENTITY—BEHAVIOR ANALYST CERTIFICATION BOARD (BACB)®."

46.   IN THE RULES UNDER CHAPTER 3, THEY DEFINE A

CERTIFYING ENTITY AS "A CERTIFYING ENTITY SHALL BE

ACCREDITED TO CERTIFY PRACTITIONERS OF APPLIED

BEHAVIOR ANALYSIS BY A NATIONALLY-RECOGNIZED AGENCY

INCLUDING BUT NOT LIMITED TO: (A) NATIONAL COMMISSION

FOR CERTIFYING AGENCIES; OR (B) AMERICAN NATIONAL

STANDARDS INSTITUTE."

47.   DUE TO THIS CONFLICT, THOSE WHO APPLIED FOR

LICENSURE BASED ON CERTIFICATION FROM THE QUALIFIED

APPLIED BEHAVIOR ANALYSIS CREDENTIALING BOARD OR

BEHAVIOR INTERVENTION CERTIFICATION COUNCIL HAVE

BEEN TOLD THAT THEY WOULD NOT QUALIFY DESPITE

MEETING THE REQUIREMENTS OF CHAPTER 3. QABA IS

ACCREDITED BY ANSI AND BICC BY NCCA.

## *EQUAL PROTECTION - FAILURE TO PROVIDE OTHER ORGANIZATION REPRESENTATION ON ADVISORY BOARDS*

48.   AS LICENSING, ADVISORY, AND OTHER BOARDS RELATED

TO THE PRACTICE OF BEHAVIOR ANALYSIS HAVE BEEN

CREATED, THEY HAVE BEEN CREATED WITH

REPRESENTATIVES FROM THE BEHAVIOR ANALYST

CERTIFICATION BOARD **ONLY**. CURRENTLY, NO STATE HAS ALLOWED MEMBERS FROM ANY OTHER CERTIFICATION BOARD REPRESENTATION ON THE LICENSING BOARDS.

49.    FOR EXAMPLE, TEXAS REFUSES TO ALLOW A REPRESENTATIVE FROM QABA OR BICC ON ITS BEHAVIOR ANALYST ADVISORY BOARD.

## *EQUAL PROTECTION - FAILURE TO EVALUATE ALTERNATIVES IN THE SAME WAY THE BEHAVIOR ANALYST CERTIFICATION BOARD WAS CONSIDERED*

50.    THE LICENSING BOARDS (WHOSE STATES ALLOW ALTERNATIVES) WHEN EVALUATING ALTERNATIVES HAS CONSISTENTLY USED THE BEHAVIOR ANALYST CERTIFICATION BOARD'S MODEL TO COMPARE ALTERNATIVES.

51.    FURTHER, MANY OF THE STATE LAWS LIKE TEXAS, WRITE THE BEHAVIOR ANALYST CERTIFICATION BOARD INTO THE LAW AND SET A DIFFERENT STANDARD FOR ALTERNATIVES. SUCH AS THE FOLLOWING LANGUAGE: "'CERTIFYING ENTITY" MEANS THE NATIONALLY ACCREDITED BEHAVIOR ANALYST CERTIFICATION BOARD OR ANOTHER ENTITY THAT IS

ACCREDITED BY THE NATIONAL COMMISSION FOR
CERTIFYING AGENCIES OR THE AMERICAN NATIONAL
STANDARDS INSTITUTE TO ISSUE CREDENTIALS IN THE
PROFESSIONAL PRACTICE OF APPLIED BEHAVIOR ANALYSIS
AND APPROVED BY THE DEPARTMENT." THE BEHAVIOR
ANALYST CERTIFICATION BOARD GOT APPROVAL WITHOUT
THE NEED FOR DEPARTMENTAL APPROVAL BY VIRTUE OF
THEIR NCCA ACCREDITATION BUT OTHER ORGANIZATIONS
DESPITE HAVING ACCREDITATION ARE REQUIRED TO GET
DEPARTMENTAL APPROVAL AND THE DEPARTMENT REFUSES
TO APPROVE ALTERNATIVES.

## *FREE SPEECH - USE OF THE TERM BEHAVIOR ANALYST*

52.   THE TEXAS BEHAVIOR ANALYST LICENSURE ACT IS ILLEGAL
BECAUSE IT RESTRICTS THE TERM BEHAVIOR ANALYST
BEYOND OCCUPATIONAL PRACTICE. IN FACT IT SAYS THAT
UNLESS YOU ARE LICENSED YOU MAY NOT USE THE TERM
UNLESS YOU ARE EXEMPT BY THE STATUTE.

## *BUSINESS STRUCTURE DISCRIMINATION - LOUISIANA*

53.   THE STATE OF LOUISIANA AMONG OTHERS HAS CREATED A
LAW THAT SPECIFICALLY DISCRIMINATES AGAINST

CORPORATIONS WHO ARE NOT NON-PROFIT. IT BARS THEM

FROM PURSUING LICENSURE.

**_CORRUPTION_**

54.    MEMBERS OF THE TEXAS BEHAVIOR ANALYSIS ADVISORY

BOARD HAVE ENGAGED IN CORRUPTIVE PRACTICES. THEY

DO BY USING THEIR POSITION TO LIMIT THE NUMBER OF

PROVIDERS THEREBY MAKING THEIR BUSINESS MORE

PROFITABLE AND SOUGHT OUT. ELEMENTS OF ABUSE OF

OFFICE ARE:

a. A PUBLIC SERVANT COMMITS AN OFFENSE IF, WITH

INTENT TO OBTAIN A BENEFIT OR WITH INTENT TO HARM

OR DEFRAUD ANOTHER, HE INTENTIONALLY OR

KNOWINGLY (1) VIOLATES A LAW RELATING TO THE

PUBLIC SERVANT'S OFFICE OR EMPLOYMENT; OR (2)

MISUSES GOVERNMENT PROPERTY, SERVICES,

PERSONNEL, OR ANY OTHER THING OF VALUE

BELONGING TO THE GOVERNMENT THAT HAS COME

INTO THE PUBLIC SERVANT'S CUSTODY OR POSSESSION

BY VIRTUE OF THE PUBLIC SERVANT'S OFFICE OR

EMPLOYMENT.

b. MEMBERS OF THE BEHAVIOR ANALYST ADVISORY

BOARD OBTAINED BOARD SEATS WHERE THEY WOULD

HAVE THE OPPORTUNITY TO INFLUENCE THE LICENSURE

OF THE PUBLIC. THEY HAVE WILLFULLY AND

INTENTIONALLY SOUGHT TO BLOCK AS MANY

PROVIDERS AS POSSIBLE FROM PRACTICING BEHAVIOR

ANALYSIS UNLESS THEIR DEMANDS ARE MET. THEY

SEEK TO 1) BLOCK PEOPLE FROM PRACTICING IN ORDER

TO BENEFIT THEIR PRACTICES BY MAKING THEM MORE

SOUGHT OUT AND PROFITABLE OR 2) REQUIRE BACB

CERTIFICATION GIVING THEIR ASSOCIATIONS MORE

PROFIT. EVERY SINGLE BOARD MEMBER IS EITHER A

PRACTICING BEHAVIOR ANALYST OR MEDICAL

PROVIDER. THAT OR THEY ARE A MEMBER OF AN

AUTISM FOCUSED ASSOCIATION THAT ENGAGES IN

FUNDRAISING.

## *DUE PROCESS - TEXAS PUBLIC INFORMATION ACT:*

55.   THROUGHOUT THIS PROCESS OVER THE LAST SIX

MONTHS, THE PLAINTIFF, IN HIS CAPACITY AS A JOURNALIST,

HAS REQUESTED DOCUMENTS FROM THE TEXAS

DEPARTMENT OF LICENSING AND REGULATION. DURING THIS

THE PLAINTIFF HAS REQUESTED DOCUMENTS FROM THE

GOVERNMENT UNDER THE PUBLIC INFORMATION ACT TO

WHICH THEY HAVE REFUSED TO PROVIDE AND SOUGHT AN

OPINION FROM THE ATTORNEY GENERAL AS REQUIRED BY

THE LAW. HOWEVER, SINCE THE ATTORNEY GENERAL AND

HIS OFFICER WERE PARTIES TO THE LITIGATION, THE

PLAINTIFF ARGUES THIS WAS A CONFLICT OF INTEREST THUS

DENYING HIM DUE PROCESS.

56.    TDLR ADMITS IN A LETTER THAT THE GIVING THE PUBLIC

INFORMATION ABOUT THE OPERATIONS WOULD "DAMAGE

TDLR'S POSITION..."

or anticipated at the time TDLR received this request. Moreover, disclosure of the responsive records would permit the requestor to circumvent the rules of discovery and would reveal information that would damage TDLR's position at this juncture. Therefore, TDLR believes that the responsive information represented in **Exhibit 2** should be excepted from public disclosure, in its entirety, pursuant to Section 552.103 of the Government Code.

## **LAWS AND RULES CHALLENGED**

## *TRICARE OPERATIONS MANUAL 6010.59-M, APRIL 1, 2015*

## *(SPECIFICALLY ONLY ALLOWING BCBA FOR BEHAVIOR ANALYSTS IN STATES THAT DO NOT HAVE LICENSURE)*

1  *FLORIDA ADMINISTRATIVE CODE 63N-1.013 SERVICES FOR YOUTHS*

2  *WITH DEVELOPMENTAL DISABILITY. (SPECIFICALLY (4)(B)*

3  *REQUIRING CERTIFICATION BY THE BEHAVIOR ANALYST*

4  *CERTIFICATION BOARD)*

5

6

7  *FLORIDA MEDICAID BEHAVIOR ANALYSIS SERVICES*

8  *COVERAGE POLICY SEC. 3.2 (BEHAVIOR ANALYST CERTIFICATION*

9  *BOARD ONLY)*

10

11

12  *FLORIDA ADMINISTRATIVE CODE 65G-4.0011 RECOGNIZED*

13  *CERTIFICATION ORGANIZATIONS FOR CERTIFIED BEHAVIOR*

14  *ANALYSTS. (SPECIFICALLY REQUIRING CERTIFICATION BY THE*

15  *BEHAVIOR ANALYST CERTIFICATION BOARD OR A NON-PROFIT)*

16

17

18  *GEORGIA BEHAVIOR ANALYST LICENSURE ACT AND*

19  *ADMINISTRATIVE RULES*

20

21  *GEORGIA PART II POLICIES AND PROCEDURES for AUTISM*

22  *SPECTRUM DISORDER SERVICES - MEDICAID SEC. 601.1.1*

23  *(BEHAVIOR ANALYST CERTIFICATION BOARD ONLY)*

24

*LOUISIANA BEHAVIOR ANALYST LICENSURE ACT  AND*

*ADMINISTRATIVE RULES*

*LOUISIANA MEDICAID PROGRAM - CHAPTER 4 SEC 4.4 (REQUIRES*

*BEHAVIOR ANALYST LICENSURE AND BEHAVIOR ANALYST*

*CERTIFICATION BOARD REQUIREMENTS)*

*MISSOURI BEHAVIOR ANALYST LICENSURE ACT  AND*

*ADMINISTRATIVE RULES*

*TEXAS BEHAVIOR ANALYST LICENSURE ACT  AND*

*ADMINISTRATIVE RULES*

*NORTH CAROLINA BEHAVIOR ANALYST LICENSURE ACT  AND*

*ADMINISTRATIVE RULES*

*VIRGINIA BEHAVIOR ANALYST ADMINISTRATIVE RULES ONLY*

*WYOMING BEHAVIOR ANALYST STATUTE ONLY*

## **ARGUMENT**

WHEN OUR COUNTRY WAS FOUNDED, IT WAS FUNDAMENTAL THAT THE BILL OF RIGHTS WAS CREATED TO PROTECT THE RIGHTS OF PEOPLE FROM GOVERNMENT OVERREACH.

FORCING SOMEONE TO BECOME CERTIFIED BY AN ORGANIZATION THAT HAS MORAL AND PHILOSOPHICAL DIFFERENCES IS NOT ONLY UNETHICAL, IT IS UNCONSTITUTIONAL. THE STATES CANNOT FORCE SOMEONE TO VIOLATE THEIR RELIGION, SPEECH, OR ASSOCIATION IN ORDER TO OBTAIN A LICENSE TO PRACTICE. IT IS UNLAWFUL.

FURTHER, THE TEST CONSIDERING ALTERNATIVES SHOULD NOT BE IF THEY ARE RUN THE SAME WAY BECAUSE THAT WOULD DEFEAT THE PURPOSE OF FREE SPEECH. IN FACT, THE ARGUMENT THAT IN ORDER FOR ALTERNATIVES TO QUALIFY THEY MUST BE LIKE THE BEHAVIOR ANALYST CERTIFICATION BOARD IS CONTRARY TO THE FREE SPEECH PROVISIONS OF THE FIRST AMENDMENT. THE ARGUMENT SHOULD NOT BE IF THEY ARE THE SAME. THE QUESTION SHOULD BE: IF WE LICENSE THESE INDIVIDUALS WOULD THEY POSE A THREAT TO THE PUBLIC. THE ANSWER IS NO. THERE IS NO EVIDENCE TO SUPPORT SUCH A CLAIM. IN FACT, PRIOR TO

2017, MANY HAD PRACTICED UNDER ALTERNATIVE CERTIFICATION WITHOUT THE NEED FOR A LICENSE AND DID NOT HAVE ANY ISSUES. IN ADDITION, THOSE CERTIFIED BY THE QUALIFIED APPLIED BEHAVIOR ANALYSIS CREDENTIALING BOARD AND THE BEHAVIOR INTERVENTION CERTIFICATION COUNCIL PRACTICE ACROSS THE UNITED STATES WITHOUT ANY ISSUE. THIS IS AN UNFOUNDED ABUSE OF GOVERNMENT OVERREACH WITH THE ATTEMPT TO RESTRICT THE MARKET AND PREVENT OTHERS FROM PRACTICING. THOSE CERTIFIED AS A QUALIFIED BEHAVIOR ANALYST GO THROUGH COMPLETING A MASTERS DEGREE IN A RELATED FIELD TO BEHAVIOR ANALYSIS, 1,500 EXPERIENCE HOURS, 270 HOURS OF ANALYTIC COURSEWORK, BACKGROUND CHECK, LETTERS OF RECOMMENDATION, PASS A PSYCHOMETRIC EXAM, AND AGREE TO AN ETHICS CODE. ANY STATE LAW THAT LIMITS IT TO ONE BOARD IS UNLAWFUL BECAUSE IT FORCES PEOPLE TO ASSOCIATE WITH AN ORGANIZATION IN VIOLATION OF SPEECH AND ASSOCIATION PREVISIONS. ALSO, IF THE BEHAVIOR ANALYST CERTIFICATION BOARD WERE TO INVOKE ITS RIGHT UNDER BOY SCOUTS OF AMERICA V DALE (2000) TO NOT

ASSOCIATE WITH SOMEONE, THAT PERSON WITHOUT DUE

PROCESS WOULD BE UNABLE TO OBTAIN A LICENSE TO PRACTICE.

FURTHERMORE, ONE BOARD HURTS PATIENTS AND CLIENTS.

IT TAKES AWAY THEIR RIGHT TO CHOOSE AND LEAVES LESS

COMPETITION. IF THERE WERE MULTIPLE ALTERNATIVES, THE

BEHAVIOR ANALYST CERTIFICATION BOARD WOULD BE REQUIRED

TO COMPETE AND THUS BE HELD TO A HIGHER STANDARD. THEY

DON'T WANT THIS, THEY WANT TO BE THE ONLY STANDARD AND

ITS WHY PEOPLE LIKE THE PRESIDENT OF THE VIRGINIA

ASSOCIATION FOR BEHAVIOR ANALYSTS CAN CHARGE $6,000 IN

SPEAKING ENGAGEMENT FEES[5]. THESE KINDS OF PRACTICES ARE

UNETHICAL AND THEY LEAVE PATIENTS WITHOUT CHOICE IN WHO

THEIR PROVIDERS ARE.

THE GOVERNMENT DOES NOT EVEN CONDONE THE

BEHAVIOR OF THE JUDGE ROTENBERG CENTER SO IT IS FAIR TO

SAY THAT THE BEHAVIOR ANALYST CERTIFICATION BOARD SHOULD

NOT EITHER. HOWEVER, IF THEY ARE GOING TO, IT IS MORALLY

AND ETHICALLY WRONG TO EXPECT THAT ANYONE WHO WANTS

TO PRACTICE HAS TO BE A PART OF THE HORRIBLE PRACTICE OF

[5] https://web.archive.org/web/20220407211546/https://atlanticspeakersbureau.com/dr-amanda-randall-autism/

SHOCKING CHILDREN. FURTHER, MULTIPLE CHILDREN HAVE DIED WHILE IN THEIR CUSTODY AS CITED ABOVE. THIS PRACTICE IS CRUEL AND UNUSUAL PUNISHMENT AND A CLEAR VIOLATION OF THESE PATIENTS EIGHTH AMENDMENT RIGHTS. THE GOVERNMENT HAS TAKEN STEPS TO PROTECT THESE STUDENTS BY BANNING THE USE OF THE DEVICE AND THE WAY IT IS USED. IN MY OPINION, THE JUDICIAL SYSTEM FAILED THESE STUDENTS BY REINSTATING THIS PRACTICE. WE DO NOT TREAT PRISONERS AT GUANTANAMO BAY THIS BADLY. AS THE UNITED NATIONS HAS ARGUED THIS IS TORTURE.

IT WOULD ALSO BE CRUEL AND UNUSUAL TO FORCE A BEHAVIOR ANALYST TO ASSOCIATE WITH AN ORGANIZATION THAT APPROVES THIS PRACTICE. YOU PUNISH THEM BY TAKING AWAY THEIR RIGHT TO PRACTICE AND THAT IS CRUEL AND UNUSUAL EVEN FOR THE GOVERNMENT. IT IS A VIOLATION OF THE EIGHTH AMENDMENT.

NEXT WE HAVE A STATE LAW ISSUE. THE TERM BEHAVIOR ANALYST IS RESTRICTED BY MANY STATES INCLUDING THE STATE OF TEXAS. THIS TERM IS RESTRICTED BEYOND THE ACTIVE PRACTICE OF BEHAVIOR ANALYSIS AND IS A FIRST AMENDMENT

VIOLATION. "ANY INTEREST THE GOVERNMENT CAN CLAIM IN PROTECTING CLIENTS FROM MANIPULATION OR EXPLOITATION BY A PSYCHOTHERAPIST FAILS WHEN THE PSYCHOTHERAPIST IS NO LONGER SPEAKING TO THE CLIENT IN HER CAPACITY AS SUCH. IN OTHER WORDS, THE PROFESSIONAL SPEECH DOCTRINE IS PROPERLY LIMITED TO THE ACTUAL PRACTICE OF THE PROFESSION." SEE SERAFINE V BRANAMAN (2016). THE TERM BEHAVIOR ANALYST CANNOT BE RESTRICTED OUTSIDE THE THERAPEUTIC RELATIONSHIP. SECTION 506.251 (C) DIRECTLY VIOLATES THE PRECEDENT SET BY THE FIFTH CIRCUIT COURT OF APPEALS.  EXCEPT AS PROVIDED BY SUBCHAPTER B, A PERSON MAY NOT USE THE TITLE "BEHAVIOR ANALYST" UNLESS THE PERSON IS LICENSED UNDER THIS CHAPTER.

WHEN THE STATE OF TEXAS DENIED OR CONSIDERED THE PLAINTIFFS APPLICATION INVALID, THEY DID SO IN VIOLATION OF THE TEXAS BEHAVIOR ANALYST LICENSURE ACT WITHOUT PROVIDING DUE PROCESS AS REQUIRED BY THAT LAW OR BY THE DUE PROCESS CLAUSE OF THE CONSTITUTION. THE LAW REQUIRES A RECIPROCITY PROCESS BY USING THE LANGUAGE "SHALL" AND THE FACT THAT THE DEPARTMENT DOES NOT HAVE A

PROCESS SHOWS THEY INTEND TO VIOLATE THE LAW. IT HAS BEEN FIVE YEARS SINCE THE LAW WAS ENACTED. ENOUGH IS ENOUGH.

NOW WE GET INTO THE ISSUE WITH THE LOUISIANA LAW. IT IS SIMPLE. DISCRIMINATING AGAINST AN ALTERNATIVE CERTIFICAITON BOARD SIMPLY BASED ON HOW THEY FILED THEIR BUSINESS TYPE IS A VIOLATION OF THE FIRST AMENDMENT BECAUSE IT PENALIZES SOMEONE DIRECTLY FOR THEIR TYPE OF BUSINESS OR SPEECH.

PLAINTIFF MICHAEL MOATES IS IN LITIGATION WITH THE BEHAVIOR ANALYST CERTIFICATION BOARD; IT IS VERY LIKELY THAT THEY WOULD NOT CERTIFY HIM AND THUS THE GOVERNMENT WOULD NOT LICENSE HIM IN CERTAIN STATES. SEE BEHAVIOR ANALYST CERTIFICATION BOARD V MOATES IN THE DISTRICT COURT OF COLORADO. THIS WOULD BE A DENIAL OF DUE PROCESS.

**ASSERTIONS AGAINST POSSIBLE DEFENSES**

*SOVEREIGN IMMUNITY - THIS COMPLAINT ALLEGES THAT THE STATE GOVERNMENT HAS VIOLATED FEDERAL CONSTITUTIONAL PROVISIONS AND STATUTES. IN EX PARTE YOUNG, 28 S. CT. 441, 209 U.S. 123 (1908), THE SUPREME COURT RULED THAT THE*

*ELEVENTH AMENDMENT DOES NOT STOP A FEDERAL COURT FROM ISSUING AN INJUNCTION AGAINST A STATE OFFICIAL WHO IS VIOLATING FEDERAL LAW. ALTHOUGH THE STATE OFFICIAL MAY BE ABIDING BY STATE LAW, HE IS NOT PERMITTED TO VIOLATE FEDERAL LAW, AND A FEDERAL COURT CAN ORDER HIM TO STOP THE ACTION WITH AN INJUNCTION. FURTHER, THE STATES SURRENDERED A PORTION OF THE SOVEREIGN IMMUNITY THAT HAD BEEN PRESERVED FOR THEM BY THE CONSTITUTION WHEN THE FOURTEENTH AMENDMENT WAS ADOPTED. THEREFORE, CONGRESS MAY AUTHORIZE PRIVATE SUITS AGAINST NON-CONSENTING STATES TO ENFORCE THE CONSTITUTIONAL GUARANTEES OF THE FOURTEENTH AMENDMENT. CONGRESS HAS DONE JUST THAT UNDER 42 U.S.C. § 1983. THUS, A CLAIM TO SOVEREIGN IMMUNITY HAS NO WEIGHT. FURTHER, MONEY DAMAGES ARE POSSIBLE AGAINST THE STATE OFFICER, AS LONG AS THE DAMAGES ARE ATTRIBUTABLE TO THE OFFICER HIMSELF, AND ARE NOT PAID FROM THE STATE TREASURY. SCHEUER V. RHODES, 416 U.S. 232 (1974). THIS WILL BE DIRECTLY PRESENTED IN COURT. § 1983 WILL BE APPLIED LIBERALLY TO ACHIEVE ITS GOAL OF PROTECTING OFFICIAL VIOLATIONS OF FEDERALLY*

PROTECTED RIGHTS. DENNIS V. HIGGINS, 498 U.S. 439 (1991). THE

PLAINTIFF MUST ASSERT THAT THE DEFENDANT (1) ACTED UNDER

COLOR OF STATE LAW AND (2) DEPRIVED THE PLAINTIFF OF A

RIGHT SECURED BY THE CONSTITUTION OR A FEDERAL STATUTE.

GOMEZ V. TOLEDO, 446 U.S. 635 (1980).

## CAUSES OF ACTION

**_ALL DEFENDANTS_**

**_FIRST AMENDMENT OF US CONSTITUTION - SPEECH, RELIGION, ASSOCIATION, BUSINESS SPEECH, BUSINESS ASSOCIATION_**

- **_PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE EACH AND EVERY ALLEGATION SET FORTH ABOVE._**

- **_PLAINTIFF ALLEGES THAT HIS SPEECH IS RESTRICTED BEYOND THE THERAPEUTIC PRACTICE OF BEHAVIOR ANALYSIS._**

- **_PLAINTIFF ALLEGES THAT IF HE WANTS TO BE LICENSED, HE MUST BECOME A BOARD CERTIFIED BEHAVIOR ANALYST FORCING HIM TO CLAIM A TITLE HE DOES NOT WANT IN ORDER TO PRACTICE IN TEXAS, NORTH CAROLINA, OKLAHOMA, MISSOURI, AND VIRGINIA (ACCORDING TO CURRENT ADMINISTRATIVE RULES)._**

- **_DEFENDANTS SEEK TO DENY RIGHTS, PRIVILEGES AND/OR IMMUNITIES SECURED BY THE FIRST AND FOURTEENTH AMENDMENTS, AND, THEREFORE, DEFENDANTS ARE LIABLE TO THE PLAINTIFF UNDER 42 U.S.C. § 1983._**

- *"CONTENT-BASED REGULATIONS [ON SPEECH] ARE PRESUMPTIVELY INVALID" UNDER THE FIRST AMENDMENT. R.A.V. V. CITY OF ST. PAUL, 505 U.S. 377, 382 (1992). A STATUTE WHICH "LICENSES A PROFESSION" IS NOT "DEVOID OF ALL FIRST AMENDMENT IMPLICATION." RILEY V. NAT'L FED'N OF THE BLIND OF N. CAROLINA, INC., 487 U.S. 781, 801 N.13 (1988).*

- *PLAINTIFF ASKS THE COURT TO WATCH THE FOLLOWING VIDEO: TDLR BEHAVIOR ANALYST ADVISORY BOARD MEETING 6-7-2022.mp4 (https://bhvmed-my.sharepoint.com/:v:/g/personal/mike_behaviormed_org/ERSKHAV0YeRPrPD2q5KLwogB3ROHN9uqB_sfS7quiWSb7Q?e=fqT3Lb)*

- *THE PLAINTIFF ASKS THE COURT TO NOTE THAT BOARD TAKES ISSUES WITH THE QABA'S CONTENT FOR CERTIFICATION. THE PLAINTIFF ALSO ASKS THE COURT TO TAKE NOTE OF MR. FINDLAY'S QUESTION AT 18:55, HE ASKS IF APPROVING QABA WOULD HAVE A NEGATIVE IMPACT ON THE CONSUMER AND YOU WILL NOTE THAT THE TDLR STAFF DEFLECT KNOWING THAT IT WOULD NOT. THE BLOCK IS SOLELY BASED ON CONTENT AS IT COMPARES TO THE BEHAVIOR ANALYST CERTIFICATION BOARD.*

- *"THE FIRST AMENDMENT'S PROTECTION OF ASSOCIATION PROHIBITS A STATE FROM EXCLUDING A PERSON FROM A PROFESSION OR PUNISHING HIM SOLELY BECAUSE HE IS A MEMBER OF A PARTICULAR POLITICAL ORGANIZATION OR BECAUSE HE HOLDS CERTAIN BELIEFS." UNITED STATES V. ROBEL, 389 U. S. 258, 266 (1967); KEYISHIAN V. BOARD*

*OF REGENTS, 385 U. S. 589, 607 (1967). "SIMILARLY, WHEN A STATE ATTEMPTS TO MAKE INQUIRIES ABOUT A PERSON'S BELIEFS OR ASSOCIATIONS, ITS POWER IS LIMITED BY THE FIRST AMENDMENT. BROAD AND SWEEPING STATE INQUIRIES INTO THESE PROTECTED AREAS, AS ARIZONA HAS ENGAGED IN HERE, DISCOURAGE CITIZENS FROM EXERCISING RIGHTS PROTECTED BY THE CONSTITUTION." SHELTON V. TUCKER, SUPRA; GIBSON V. FLORIDA LEGISLATIVE INVESTIGATION COMMITTEE, 372 U. S. 539 (1963); CF. SPEISER V. RANDALL, 357 U. S. 513 (1958).*

- *PLAINTIFF AFFIRMS THAT HE IS A MAN OF CHRISTIAN FAITH. HE AFFIRMS THAT THE BIBLE FORBIDS TORTURE. AS INDIVIDUALS, WE ARE NOT TO SEEK REVENGE. VENGEANCE BELONGS ONLY TO THE LORD (PSALM 94:1; ROMANS 12:19) JUDGE NOT, AND YOU WILL NOT BE JUDGED; CONDEMN NOT, AND YOU WILL NOT BE CONDEMNED; FORGIVE, AND YOU WILL BE FORGIVEN (LUKE 6:37)*

- *PLAINTIFF REALLEGES THAT THE JUDGE ROTENBERG CENTER IS ENGAGED IN A PRACTICE OF SHOCKING MINOR CHILDREN.*

- *PLAINTIFF REALLEGES THAT THE BEHAVIOR ANALYST CERTIFICATION BOARD WILLINGLY CERTIFIES PEOPLE ON THE STAFF AND LEADERSHIP OF THIS SCHOOL.*

- *PLAINTIFF REALLEGES THAT BEING FORCED TO ASSOCIATE WITH ANYONE CONNECTED TO THIS PRACTICE WOULD BE A VIOLATION OF HIS RELIGION.*

- *PLAINTIFF REALLEGES BEING FORCED TO GIVE THIS ORGANIZATION MONEY WOULD VIOLATE HIS FREE SPEECH AND RELIGIOUS RIGHTS.*

- *PLAINTIFF REALLEGES THAT DEFENDANTS TEXAS, VIRGINIA, MISSOURI, NORTH CAROLINA, AND OKLAHOMA SEEK TO FORCE THE PLAINTIFF TO BECOME AFFILIATED WITH THE BEHAVIOR ANALYST CERTIFICATION BOARD, A PRIVATE CORPORATION, IN ORDER TO BECOME LICENSED IN VIOLATION OF THE FIRST AMENDMENT.*

- *FURTHER THESE GOVERNMENT ENTITIES WOULD FORCE THE PLAINTIFF TO GIVE THIS ORGANIZATION MONEY AGAINST HIS WILL. THE GOVERNMENT IS FORCING CITIZENS TO PAY THIS CORPORATION MONEY IN ORDER TO ENJOY LIBERTY WHICH IS UNLAWFUL.*

- *THE STATES ARE FORCING BY VIRTUE OF LAW OR ADMINISTRATIVE RULE ALTERNATIVE BOARDS SUCH AS THE QUALIFIED APPLIED BEHAVIOR ANALYSIS CREDENTIALING BOARD OR BEHAVIOR INTERVENTION CERTIFICATION COUNCIL TO HAVE THE EXACT CONTENT THAT IS THE WAY THE BEHAVIOR ANALYST CERTIFICATION BOARD HAS IT. IN FACT, THE STATE OF TEXAS HAS PURPOSEFULLY SAID THAT THEY WOULD NOT ACCEPT THE QABA CERTIFICATION BECAUSE IT HAS AUTISM AS A PART OF THE CONTENT FOR CERTIFICATION.*

First, Texas Occupations Code (TOC), Ch. 506, relating to Behavior Analysts, defines "certifying entity" as the nationally accredited Behavior Analyst Certification Board® (BACB®) or another entity that is accredited by the National Commission for Certifying Agencies (NCCA) or the American National Standards Institute (ANSI) to issue credentials in the professional practice of applied behavior analysis and approved by the department. The QASP-S credential, issued by QABA®, is accredited by ANSI to provide a certification as a qualified autism service practitioner, not to issue a credential in the professional practice of applied behavior analysis, so it may not be approved as a certification for the Assistant Behavior Analyst license.

-

- *HERE IS A LETTER FROM THE ACCREDITATION BOARD DIRECTLY STATING THAT THE STATEMENT MADE IS INACCURATE.*

> The scope of each program has been reviewed and reflect that the certifications are in the field of ABA and include autism as one of the competencies.
>
> Please feel free to contact me for any additional questions or clarification.
>
> Sincerely,
>
> Vijay Krishna, Ed.D.
> Vice President, Credentialing

-

- *DESPITE THIS, THE DEPARTMENT THEN FOUND A DIFFERENT EXCUSE FOR WHY THEY (TEXAS) WOULD NOT RECOGNIZE THE CERTIFICATION.*

- *"CONTENT-BASED REGULATIONS ARE PRESUMPTIVELY INVALID" UNDER THE FIRST AMENDMENT. R.A.V. V. CITY OF ST. PAUL, 505 U.S. 377, 382 (1992). A STATUTE WHICH "LICENSES A PROFESSION" IS NOT "DEVOID OF ALL FIRST AMENDMENT IMPLICATION." RILEY V. NAT'L FED'N OF THE BLIND OF N. CAROLINA, INC., 487 U.S. 781, 801 N.13 (1988).*

- *PLAINTIFF HAS EXHAUSTED ALL REMEDIES AVAILABLE AND SO HAS THE CREDENTIALING BOARD. DEFENDANTS HAVE STATED THIS WILL NOT BE REVISITED.*

> You have requested to appeal these decisions but there exists no formal appeal procedure. Because TDLR is obligated to implement Occupations Code Chapter 506 as written, the disapproval of the QASP-S® credential for Assistant Behavior Analyst licensure can be reconsidered only if there is a relevant change to that law. TDLR is not permitted to request the legislature to make such a change.

-

Pursuant to Texas Government Code §2001.021 and 16 TAC §60.102, the Department is denying your rulemaking petition for the following two reasons:

First, your rulemaking petition proposes that the Department recognize and accept an alternative certification for Behavior Analysts that is issued by the Qualified Applied Behavior Analysis Credentialing Board (QABA). The certification issued by the QABA, which is known as the Qualified Behavior Analyst (QBA) credential, is not currently accepted under Tex. Occ. Code Chapter 506.

- *DEFENDANT STATE OF LOUISIANA REQUIRES THAT AN ORGANIZATION BE A NON-PROFIT ENTITY TO ENJOY THE RIGHT OF LICENSURE. THIS IS A VIOLATION OF FREE SPEECH BY TELLING A BUSINESS HOW IT MUST ORGANIZE. IT IS A VIOLATION OF THE EQUAL PROTECTION CLAUSE BECUASE IT TREATS FOR PROFIT AND NONPROFIT ORGANIZATIONS DIFFERENTLY.*

- *"THERE ARE A NUMBER OF LINES OF COMMERCE IN WHICH BOTH FOR-PROFIT AND NONPROFIT ENTITIES PARTICIPATE. SOME EDUCATIONAL INSTITUTIONS, SOME HOSPITALS, SOME CHILD CARE FACILITIES, SOME RESEARCH ORGANIZATIONS, AND SOME MUSEUMS GENERATE SIGNIFICANT EARNINGS; AND SOME ARE OPERATED BY NOT-FOR-PROFIT CORPORATIONS." SEE HANSMANN, THE ROLE OF NONPROFIT ENTERPRISE, 89 YALE L. J. 835, 835, AND N. 1, 865 (1980). "A NONPROFIT ENTITY IS ORDINARILY UNDERSTOOD TO DIFFER FROM A FOR-PROFIT CORPORATION PRINCIPALLY BECAUSE IT "IS BARRED FROM DISTRIBUTING ITS NET EARNINGS, IF ANY, TO INDIVIDUALS WHO EXERCISE CONTROL OVER IT, SUCH AS MEMBERS, OFFICERS, DIRECTORS, OR TRUSTEES." ID., AT 838.17 "NOTHING INTRINSIC TO THE NATURE OF NONPROFIT ENTITIES PREVENTS THEM FROM ENGAGING IN INTERSTATE COMMERCE."*

- *"FOR PURPOSES OF COMMERCE CLAUSE ANALYSIS, ANY CATEGORICAL DISTINCTION BETWEEN THE ACTIVITIES OF PROFIT-MAKING ENTERPRISES AND NOT-FOR-PROFIT ENTITIES IS THEREFORE WHOLLY ILLUSORY. ENTITIES IN BOTH CATEGORIES ARE MAJOR PARTICIPANTS IN INTERSTATE MARKETS." SEE WICKARD V. FILBURN, 317 U. S. 111, 127- 128 (1942); LOPEZ, 514 U. S., AT 556, 559-560.*

*DUE PROCESS CLAUSE OF US CONSTITUTION - VAGUENESS*

- *PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE EACH AND EVERY ALLEGATION SET FORTH ABOVE.*
- *PLAINTIFF ASSERTS THE LANGUAGE IN THE FOLLOWING LAWS IS VAGUE, UNCLEAR, AND DID NOT GIVE FAIR NOTICE TO THOSE WHO WOULD APPLY:*
- *TEXAS BEHAVIOR ANALYST LICENSURE ACT - CERTIFYING ENTITIES - "APPROVED BY THE DEPARTMENT" THE STATUTE NOR THE RULES STATE WHAT IS REQUIRED TO BE APPROVED BY THE DEPARTMENT.*
- *TEXAS BEHAVIOR ANALYST LICENSURE ACT - SECTION 506.256 (B)(1)(C) - "AS APPROPRIATE" THIS IS VAGUE AND WHAT THE PLAINTIFF MAY CONSIDER APPROPRIATE THE DEPARTMENT MAY NOT. IT IS UNCLEAR AND UNJUST. THUS, DENYING DUE PROCESS.*
- *DEFENDANTS SEEK TO DENY RIGHTS, PRIVILEGES AND/OR IMMUNITIES SECURED BY THE FIRST AND FOURTEENTH AMENDMENTS, AND,*

THEREFORE, DEFENDANTS ARE LIABLE TO THE PLAINTIFF UNDER 42 U.S.C. § 1983.

EIGHT AMENDMENT OF US CONSTITUTION - CRUEL / UNUSUAL PUNISHMENT

- PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE EACH AND EVERY ALLEGATION SET FORTH ABOVE.
- THE PRACTICE TAKING PLACE AT THE JUDGE ROTENBERG CENTER IS A FORM OF PUNISHMENT BECAUSE IT IS A STIMULI THAT SEEKS TO DECREASE A BEHAVIOR FROM HAPPENING IN THE FUTURE. IT IS CRUEL AND UNUSUAL BECAUSE THIS PRACTICE IS NOT USED ANYWHERE ELSE IN THE WORLD TO THE PLAINTIFF'S KNOWLEDGE. NOT EVEN ON TERRORISTS.
- THE PRACTICE OF DENYING SOMEONE THE LIBERTY OF A LICENSE TO PUNISH THEM FOR NOT PAYING A CORPORATION AND AGREEING TO BE ASSOCIATED WITH THEM IS UNUSUAL AS MOST OTHER MENTAL HEALTH PROFESSIONS HAVE NO SUCH REQUIREMENT. IT IS CRUEL TO MAKE THE PLAINTIFF CHOOSE BETWEEN HIS RELIGION AND HIS DREAM JOB.
- DEFENDANTS SEEK TO DENY RIGHTS, PRIVILEGES AND/OR IMMUNITIES SECURED BY THE FIRST AND FOURTEENTH AMENDMENTS, AND, THEREFORE, DEFENDANTS ARE LIABLE TO THE PLAINTIFF UNDER 42 U.S.C. § 1983.

*TENTH AMENDMENT OF US CONSTITUTION - RIGHTS OF PEOPLE*

- *PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE EACH AND EVERY ALLEGATION SET FORTH ABOVE.*

- *THE CONSTITUTION DELEGATES THE POWER OF LAW FROM THE US CONGRESS TO THE STATES AND THE PEOPLE, RESPECTIVELY. IT DOES NOT GIVE ANY PRIVATE CORPORATION THE AUTHORITY OVER PRIVATE PEOPLES. THIS IS A DANGEROUS PRECEDENT.*

- *DEFENDANTS SEEK TO DENY RIGHTS, PRIVILEGES AND/OR IMMUNITIES SECURED BY THE FIRST AND FOURTEENTH AMENDMENTS, AND, THEREFORE, DEFENDANTS ARE LIABLE TO THE PLAINTIFF UNDER 42 U.S.C. § 1983.*

*FOURTEENTH AMENDMENT OF US CONSTITUTION - EQUAL PROTECTION, PRIVILEGES / IMMUNITIES*

- *PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE EACH AND EVERY ALLEGATION SET FORTH ABOVE.*

- *NO STATE BOARD IN THE UNITED STATES HAS APPOINTED A MEMBER FROM AN ALTERNATIVE CERTIFICATION BOARD REPRESENTATION ON THE STATES BEHAVIOR ANALYST ADVISORY COMMITTEE. THUS, THERE IS NOT EQUAL REPRESENTATION OR PROTECTION.*

- *STATE LAWS SPECIFICALLY WRITE THE BEHAVIOR ANALYST CERTIFICATION BOARD INTO THE LAW BUT REQUIRE OTHERS TO GET*

*"BOARD APPROVAL" OR OTHER RELATED LANGUAGE. THIS IS FAVORING ONE GROUP AND DENIES EQUAL PROTECTION.*

- *DEFENDANTS SEEK TO DENY RIGHTS, PRIVILEGES AND/OR IMMUNITIES SECURED BY THE FIRST AND FOURTEENTH AMENDMENTS, AND, THEREFORE, DEFENDANTS ARE LIABLE TO THE PLAINTIFF UNDER 42 U.S.C. § 1983.*

- *THE OKLAHOMA UNIVERSAL LICENSURE RECOGNITION ACT STATES "A PERSON MOVING TO AND RESIDING IN OKLAHOMA MAY MAKE APPLICATION FOR LICENSING OR CERTIFICATION PURSUANT TO THE UNIVERSAL LICENSING RECOGNITION ACT IF THERE IS NO CONFLICT WITH ANY INTERSTATE COMPACT OR STATE-TO-STATE RECIPROCITY OR EQUIVALENCY AGREEMENTS AS DETERMINED BY THE OKLAHOMA REGULATORY ENTITY."*

- *THIS IS UNLAWFUL AND UNCONSTITUTIONAL AS THE PRIVILEGES AND IMMUNITIES CLAUSE REQUIRES THE STATE TO TREAT CITIZENS OF ALL THE STATES AS CITIZENS OF THE STATE.*

- *THE SUPREME COURT HELD IN GRANHOLM V. HEALD, 544 U.S. 460, 161 L. ED. 2D 796, 125 S. CT. 1885 (2005) "TIME AND AGAIN THIS COURT HAS HELD THAT, IN ALL BUT THE NARROWEST CIRCUMSTANCES, STATE LAWS VIOLATE THE COMMERCE CLAUSE IF THEY MANDATE "DIFFERENTIAL TREATMENT OF IN-STATE AND OUT-OF-STATE ECONOMIC INTERESTS THAT BENEFITS THE FORMER AND BURDENS THE LATTER." OREGON WASTE SYSTEMS, INC. V. DEPARTMENT OF*

*ENVIRONMENTAL QUALITY OF ORE., 511 U. S. 93, 99 (1994). SEE ALSO NEW ENERGY CO. OF IND. V. LIMBACH, 486 U. S. 269, 274 (1988). THIS RULE IS ESSENTIAL TO THE FOUNDATIONS OF THE UNION. THE MERE FACT OF NONRESIDENCE SHOULD NOT FORECLOSE A PRODUCER IN ONE STATE FROM ACCESS TO MARKETS IN OTHER STATES." H. P. HOOD & SONS, INC. V. DU MOND, 336 U. S. 525, 539 (1949)*

- *IN BARNARD, CHAIRMAN OF THE COMMITTEE OF BAR EXAMINERS OF THE VIRGIN ISLANDS v. THORSTENN ET AL. (1988), THE COURT DECLARED LOCAL RULE 56(B)(4)-(5) OF THE DISTRICT COURT OF THE VIRGIN ISLANDS: PROVISIONS OF VIRGIN ISLANDS BAR ADMISSION RULES REQUIRING AT LEAST ONE YEAR OF RESIDENCE IN THE VIRGIN ISLANDS AND INTENTION TO CONTINUE TO RESIDE AND PRACTICE IN THE VIRGIN ISLANDS AFTER ADMISSION.*

*DEFENDANT STATE OF GEORGIA:*

*THE PLAINTIFF ALLEGES THE CONSTITUTIONAL VIOLATIONS ABOVE AS THEY APPLY TO THE STATE CONSTITUTION OF THIS DEFENDANT.*

*DEFENDANT STATE OF LOUISIANA:*

*THE PLAINTIFF ALLEGES THE CONSTITUTIONAL VIOLATIONS ABOVE AS THEY APPLY TO THE STATE CONSTITUTION OF THIS DEFENDANT.*

*DEFENDANT STATE OF MISSOURI:*

*THE PLAINTIFF ALLEGES THE CONSTITUTIONAL VIOLATIONS ABOVE AS THEY APPLY TO THE STATE CONSTITUTION OF THIS DEFENDANT.*

*DEFENDANT STATE OF OKLAHOMA:*

*THE PLAINTIFF ALLEGES THE CONSTITUTIONAL VIOLATIONS ABOVE AS THEY APPLY TO THE STATE CONSTITUTION OF THIS DEFENDANT.*

*DEFENDANT STATE OF NORTH CAROLINA:*

*THE PLAINTIFF ALLEGES THE CONSTITUTIONAL VIOLATIONS ABOVE AS THEY APPLY TO THE STATE CONSTITUTION OF THIS DEFENDANT.*

*DEFENDANT STATE OF TEXAS:*

*THE PLAINTIFF ALLEGES THE CONSTITUTIONAL VIOLATIONS ABOVE AS THEY APPLY TO THE STATE CONSTITUTION OF THIS DEFENDANT.*

*DEFENDANT STATE OF VIRGINIA:*

*THE PLAINTIFF ALLEGES THE CONSTITUTIONAL VIOLATIONS ABOVE AS THEY APPLY TO THE STATE CONSTITUTION OF THIS DEFENDANT.*

*DEFENDANT STATE OF WYOMING:*

*THE PLAINTIFF ALLEGES THE CONSTITUTIONAL VIOLATIONS ABOVE AS THEY APPLY TO THE STATE CONSTITUTION OF THIS DEFENDANT.*

## DAMAGES

*THE PLAINTIFF HAS BEEN DAMAGED OVER THIS BUT IS ONLY SEEKING INJUNCTIVE RELIEF AND COURT COSTS.*

## PRAYER FOR RELIEF

**WHEREFOR, THE PLAINTIFF RESPECTFULLY PRAYS THE COURT ISSUE THE FOLLOWING RELIEF:**

- **THE COURT ISSUES A PRELIMINARY INJUNCTION;**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

- **THE COURT ISSUES A PERMANENT NATIONWIDE INJUNCTION; AND**

- **THE COURT ISSUE A FINAL DECLARATORY ORDER.**

13 June 2022

VERY RESPECTFULLY,

/S/ PROF. MICHAEL MOATES, MA, QBA, LBA, LCMHC, LMHP

2700 COLORADO BOULEVARD APT 1526

DENTON, TX 76210

817-999-7534

MIKE@BEHAVIORMED.ORG

HELLO CLERK,

KINDLY FILE IN THIS ORDER:

CIVIL COVER SHEET
PETITION
APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR
COSTS
MOTION FOR PRELIMINARY INJUNCTION
NOTICE OF CONSTITUTIONAL CHALLENGE
NOTICE OF ELECTION TO PROCEED BEFORE THE MAGISTRATE JUDGE FOR PRETRIAL
MOTIONS
MOTION FOR ECF ACCESS

Thank You

RECEIVED
JUN 14 2022
CLERK, U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

MICHAEL MOATES
2549662837
2700 COLORADO BOULEVARD
DENTON TX 76210

**1 LBS**

**1 OF 1**

SHIP TO:
UNITED STATES DISTRICT CLERK
800 FRANKLIN AVENUE
**WACO TX 76701**

## TX 767 0-12

## UPS GROUND
TRACKING #: 1Z 74T 6FW 03 2002 2012

BILLING: P/P

XOL 22.05.57    NV45 25.0A 06/2022*

™

UNITED STATES DISTRICT CLERK
800 FRANKLIN AVE
WACO TX 76701

P: BLUE
50R