FILED
June 14, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ lad
DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS - WACO DIVISION

| | |
|---|---|
| PROFESSOR MICHAEL STEVEN MOATES,<br>MA, QBA, LBA, LMHP, LCMHC<br>2700 COLORADO BOULEVARD APT 1526<br>DENTON, TEXAS 76210<br>MIKE@BEHAVIORMED.ORG<br><br>PLAINTIFF<br><br>VS.<br><br>JOSEPH R. BIDEN JR.<br>PRESIDENT OF THE UNITED STATES<br>950 PENNSYLVANIA AVENUE, NW<br>WASHINGTON, DC 20530-0001<br><br>STATE OF GEORGIA<br>40 CAPITOL SQUARE, SW<br>ATLANTA, GA 30334<br><br>STATE OF LOUISIANA<br>1885 N. THIRD STREET<br>BATON ROUGE, LA 70802<br><br>STATE OF MISSOURI<br>P.O. BOX 899<br>JEFFERSON CITY, MO 65102<br><br>STATE OF NORTH CAROLINA<br>P.O. BOX 629<br>RALEIGH, NC 27602<br><br>STATE OF OKLAHOMA<br>313 NE 21ST STREET<br>OKLAHOMA CITY, OK 73105 | CASE NO. **6:22-cv-00626** |

| | |
|---|---|
| STATE OF TEXAS<br>300 W. 15TH STREET, 7TH FLOOR<br>AUSTIN, TX 78701 | )<br>)<br>) |
| STATE OF VIRGINIA<br>202 NORTH NINTH STREET<br>RICHMOND, VIRGINIA 23219 | )<br>)<br>) |
| WILLIAM BOURLAND, INDIVIDUALLY<br>7117 FORESTVIEW DR<br>ARLINGTON, TX 76016 | )<br>)<br>) |
| STATE OF WYOMING<br>109 STATE CAPITOL<br>CHEYENNE, WY 82002 | )<br>)<br>) |
| BRIAN FINDLAY, INDIVIDUALLY<br>6310 N MACARTHUR BLVD APT: 3039<br>IRVING, TX 75039 | )<br>)<br>) |
| MARIEL FERNANDEZ, INDIVIDUALLY<br>10503 METRIC DRIVE<br>DALLAS, TX 7524 | )<br>)<br>) |
| JOYCE MAUK, INDIVIDUALLY<br>1300 W LANCASTER<br>FORT WORTH, TX 76102 | )<br>)<br>) |
| CAROL SLOAN, INDIVIDUALLY<br>1120 MEDICAL PLAZA DRIVE<br>SUITE 100<br>THE WOODLANDS, TX 77380 | )<br>)<br>)<br>) |
| LAURIE SNYDER, INDIVIDUALLY<br>PO BOX 92123<br>SOUTHLAKE, TEXAS 76092 | )<br>)<br>) |
| STEPHANIE SOKOLOSKY,<br>INDIVIDUALLY<br>PO BOX 532228<br>HARLINGEN, TX 78553 | )<br>)<br>)<br>) |

# **MOTION FOR PRELIMINARY INJUNCTION**

*PURSUANT TO RULE 65, THE PLAINTIFF KINDLY REQUESTS THIS COURT ISSUE A TEMPORARY RESTRAINING ORDER PRIOR TO THE ISSUANCE OF A PRELIMINARY INJUNCTION FOLLOWING A HEARING.*

*TO MEET THE BURDEN OF A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, THE PLAINTIFF OFFERS THE FOLLOWING:*

*<u>SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS</u>*

*THERE SHOULD BE NO DOUBT THAT THE PLAINTIFF IS GOING TO SUCCEED. THE SUPREME AND APPELLATE COURTS HAVE AFFIRMED NUMEROUS TIMES THAT FORCED ASSOCIATION IS A VIOLATION OF THE CONSTITUTION ESPECIALLY IN CASES WHERE SPEECH, RELIGION, AND CONTENT ARE AT THE CORE OF THE VIOLATION. SEE BOY SCOUTS OF AMERICA V DALE (2000). ALSO SEE ROBERTS, ACTING COMMISSIONER, MINNESOTA DEPARTMENT OF HUMAN RIGHTS, ET AL. V. UNITED STATES JAYCEES (1984). FINALLY, SEE CHRISTIAN LEGAL SOCIETY CHAPTER OF THE UNIVERSITY OF CALIFORNIA, HASTINGS COLLEGE OF THE LAW V. MARTINEZ (2010). "TO DENY ANY PERSON THE FULL AND EQUAL ENJOYMENT OF THE GOODS, SERVICES, FACILITIES, PRIVILEGES, ADVANTAGES, AND ACCOMMODATIONS OF A PLACE OF PUBLIC ACCOMMODATION BECAUSE OF RACE, COLOR, CREED, <u>RELIGION</u>, DISABILITY, NATIONAL ORIGIN, OR SEX."*

## A SUBSTANTIAL THREAT OF IRREPARABLE INJURY

WITHOUT INJUNCTIVE RELIEF, THE PLAINTIFF WILL CONTINUE TO SUFFER IRREPARABLE HARM. THE EMOTIONAL DAMAGE OF BEING FORCED TO GO AGAINST HIS RELIGION WILL UNDOUBTEDLY HAVE CONSEQUENCES. FURTHER, THE ARE LONG EXTENSIVE WAITLISTS FOR BEHAVIOR ANALYSIS SERVICE WILL CONTINUE TO HAR CLIENTS BY DELAYING THEM THE CARE THAT THEY NEED. THERE ARE MANY PIECES OF HARM THE LACK OF INJUNCTION WILL DENY: RELIGION, SPEECH, CONTENT, ACCESS TO CARE, DUE PROCESS, EQUAL PROTECTION, AND DEPRIVATION OF CIVIL RIGHTS.

## THE THREATENED INJURY TO THE MOVANT OUTWEIGHS THE THREATENED HARM TO THE PARTY SOUGHT TO BE ENJOINED

BY ISSUING THE INJUNCTION REQUESTED, THE GOVERNMENT NOR THE PUBLIC LOSE ANYTHING. IF ANYTHING, THEY GET MORE FREEDOM. THE FREEDOM TO CHOOSE THEIR PROVIDER AND THE FREEDOM TO ASSOCIATE WITH THE PROVIDER THEY CHOOSE. THERE IS NO THREAT TO THE GOVERNMENT NOR THE PEOPLE AND THEY GOVERNMENT WILL NOT BE ABLE TO PROVIDE THIS COURT A SINGLE SHRED OF EVIDENCE TO THE CONTRARY.

*PERMANENT INJUNCTION BEING SOUGHT WOULD NOT HURT PUBLIC INTEREST*

*BALANCING OF EQUITIES*

*THERE IS NO THREAT TO THE GOVERNMENT NOR THE PEOPLE AND THE GOVERNMENT WILL NOT BE ABLE TO PROVIDE THIS COURT A SINGLE SHRED OF EVIDENCE TO THE CONTRARY. THE PLAINTIFF CAN PROVIDE THIS COURT SUBSTANTIAL EVIDENCE OF THE THREAT OF THE BEHAVIOR ANALYST CERTIFICATION BOARD BEING CONNECTED TO SHOCKING CHILDREN[6], THE DEATH OF CHILDREN[7], PHYSICAL ABUSE AND ASSAULT[8], FRAUD[9], AND MORE[10]. THE ALTERNATIVE SUGGESTED BY THE PLAINTIFF HAS NO SUCH CONNECTIONS. IT IS IN THE PUBLIC INTEREST FOR THIS COURT TO GRANT THE INJUNCTION BECAUSE IT WILL GIVE THE PUBLIC AND THE PROVIDER THE FREEDOM TO CHOOSE. FURTHER, THERE IS NO THREAT OF HARM TO THE PUBLIC.*

*WITH THAT, PLAINTIFF MICHAEL MOATES ASKS THE COURT TO ISSUE A NATION-WIDE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AFTER A HEARING DECLARING THE FOLLOWING:*

*THE PROVISION IN ANY BEHAVIOR ANALYSIS LICENSURE LAW BY ANY STATE REQUIRING BOARD, DEPARTMENT, OR COMMITTEE APPROVAL FOR ALTERNATIVES SUCH AS THE QUALIFIED APPLIED BEHAVIOR ANALYSIS*

---

[6] https://www.wbur.org/hereandnow/2021/08/12/shock-treatment-school-disability
[7] https://autisticadvocacy.org/2014/08/prisoners-of-the-apparatus/
[8] https://www.kktv.com/2021/11/10/behavior-analyst-loses-license-this-11-call-action/
[9] http://www.myfloridalegal.com/newsrel.nsf/newsreleases/80D13EE20B28AFD48525868E005776E7
[10] https://www.jacksonville.com/story/news/2010/08/11/little-star-center-shines-year-later/15935276007/

*CREDENTIALING BOARD UNLAWFUL. THIS IS BECAUSE IT TREATS THE BEHAVIOR ANALYST CERTIFICATION BOARD DIFFERENT THAN OTHERS BY ADDING ADDITIONAL REQUIREMENTS FOR OTHERS. FOR TEXAS AND GEORGIA, THIS WOULD QUALIFY ANYONE WHO IS A BEHAVIOR ANALYST THROUGH A CERTIFICATION BOARD THAT ACCREDITED BY NCCA OR ANSI IN BEHAVIOR ANALYSIS.*

*IN THE ALTERNATIVE, ANY DENIAL OF APPROVAL BASED ON CONTENT OF CERTIFICATION EXAM, EXPERIENCE, EDUCATION, ETC. SO LONG AS THE CONTENT COVERS THE AREAS NEEDED TO SUCCESSFULLY PRACTICE SAFELY.*

*THE PREVISION IN ANY BEHAVIOR ANALYSIS LICENSURE LAW BY ANY STATE REQUIRING BOARD, DEPARTMENT, OR COMMITTEE APPROVAL FOR ALTERNATIVES CERTIFICATION BOARD SUCH AS THE QUALIFIED APPLIED BEHAVIOR ANALYSIS CREDENTIALING BOARD TO ENJOY RECIPROCITY OR ENDORSEMENT UNLAWFUL.*

*THE PROVISION IN ANY UNIVERSAL LICENSURE LAW THAT HAS A DIFFERENT TIME REQUIREMENT SUCH AS 1 YEAR FOR RESIDENTS AND 3 YEARS FOR NON RESIDENTS IS UNLAWFUL GIVEN THE PRIVILEGES AND IMMUNITIES CLAUSE.*

***THE ACTION BY THE STATE OF TEXAS REFUSING TO CREATE A PROCESS BY RECIPROCITY IS A VIOLATION OF THE TEXAS BEHAVIOR ANALYST LICENSURE ACT.***

VERY RESPECTFULLY,

13 June 2022

/S/ PROF. MICHAEL MOATES, MA, QBA, LBA, LCMHC, LMHP

2700 COLORADO BOULEVARD APT 1526

DENTON, TX 76210

817-999-7534

MIKE@BEHAVIORMED.ORG