**FILED**

June 27, 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____
              lad
              DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS - WACO DIVISION

PROFESSOR MICHAEL STEVEN MOATES,
MA, QBA, LBA, LMHP, LCMHC
2700 COLORADO BOULEVARD APT 1526
DENTON, TEXAS 76210
MIKE@BEHAVIORMED.ORG

          PLAINTIFF

          VS.

JOSEPH R. BIDEN JR.
PRESIDENT OF THE UNITED STATES
950 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20530-0001

STATE OF GEORGIA
40 CAPITOL SQUARE, SW
ATLANTA, GA 30334

STATE OF LOUISIANA
1885 N. THIRD STREET
BATON ROUGE, LA 70802

STATE OF MISSOURI
P.O. BOX 899
JEFFERSON CITY, MO 65102

STATE OF NORTH CAROLINA
P.O. BOX 629
RALEIGH, NC 27602

STATE OF OKLAHOMA
313 NE 21ST STREET
OKLAHOMA CITY, OK 73105

STATE OF TEXAS
300 W. 15TH STREET, 7TH FLOOR
AUSTIN, TX 78701

STATE OF VIRGINIA
202 NORTH NINTH STREET
RICHMOND, VIRGINIA 23219

CASE NO. 6:22-cv-00626

**JURY TRIAL DEMANDED**

1

2   WILLIAM BOURLAND, INDIVIDUALLY                    )
    7117 FORESTVIEW DR                                )
3   ARLINGTON, TX 76016                               )
                                                      )
4   STATE OF WYOMING                                  )
    109 STATE CAPITOL                                 )
5   CHEYENNE, WY 82002                                )
                                                      )
6   TEXAS DEPARTMENT OF LICENSING AND                 )
    REGULATION                                        )
7   920 Colorado                                      )
    Austin, Texas 78701                               )
8                                                     )
    MICHAEL ARISMENDEZ, INDIVIDUALLY                  )
9   920 Colorado                                      )
    Austin, Texas 78701                               )
10                                                    )
    KATIE BRICE, INDIVIDUALLY                         )
11  920 Colorado                                      )
    Austin, Texas 78701                               )
12                                                    )
    WILLIAM BOURLAND, INDIVIDUALLY                    )
13  7117 FORESTVIEW DR                                )
    Arlington, TX 76016                               )
14                                                    )
    BRIAN FINDLAY, INDIVIDUALLY                       )
15  6310 N MACARTHUR BLVD APT: 3039                   )
    IRVING, TX 75039                                  )
16                                                    )
    MARIEL FERNANDEZ, INDIVIDUALLY                    )
17  10503 METRIC DRIVE                                )
    DALLAS, TX 7524                                   )
18                                                    )
    JOYCE MAUK, INDIVIDUALLY                          )
19  1300 W LANCASTER                                  )
    FORT WORTH, TX 76102                              )
20                                                    )
    CAROL SLOAN, INDIVIDUALLY                         )
21  1120 MEDICAL PLAZA DRIVE                          )
    SUITE 100                                         )
22  THE WOODLANDS, TX 77380                           )
                                                      )
23  LAURIE SNYDER, INDIVIDUALLY                       )
    PO BOX 92123                                      )
24  SOUTHLAKE, TEXAS 76092                            )
                                                      )
    STEPHANIE SOKOLOSKY, INDIVIDUALLY                 )
    PO BOX 532228                                     )
    HARLINGEN, TX 78553                               )

# EMERGENCY MOTION FOR
# TEMPORARY RESTRAINING ORDER

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Local Rule 65.1(a), Plaintiff Michael Moates, hereby applies to this Court for a temporary restraining order ("TRO") with other equitable relief. The relief requested in this TRO only applies to Defendants in official government capacities and thus Mr. Biden, the States, and the Texas Department of Licensing and Regulation. In support of the motion, Plaintiff states as follows:

1. Plaintiff brings this action against Defendants for the unlawful and unconstitutional actions by the Defendants in this action. Defendants have sought to block those qualified to practice behavior analysis because they refuse to associate with an organization that goes against their religious beliefs.

2. The Behavior Analyst Certification Board (BACB) is a **private corporation** and is the only organization that is allowed to certify practitioners of behavior analysis in order to obtain state licensure and / or bill state medicaid or the military healthcare system Tricare. We offer the following section of law or administrative rules for the court:

    a. Sec 8.4.1 of the TRICARE Operations Manual 6010.59-M. - This is not practical because it not only infringes on the right of freedom of association but second if you have a license to practice in Vermont for example you can practice in that state but if you want to practice in FL where there is no licensure law they consider you not qualified to practice and require BACB certification.

    b. Georgia Behavior Analyst Licensure Act - Unlawfully requiring association and free speech violations. The Department refuses to recognize any alternatives. Further, the law gives the BACB prejudicial treatment over alternatives and the law establishes an unconstitutional provision requiring

"equal" certification rather than simply what is needed to protect the public thus violating the free speech clause.

c.   Louisiana Act 351 §3706. Qualifications of applicants of a licensed behavior analyst - Restricts licensure to "non profit" entities despite qualification standards. It is an unlawful violation of free speech.

d.   Missouri Administrative Rule 20 CSR 2063-2.005 Application for Licensure and 20 CSR 2063-3.005 Certifying Entities which conflict each other thereby denying due process. One says a certifying entity is the BACB the other says "A certifying entity shall be accredited to certify practitioners of applied behavior analysis by a nationally-recognized agency."

e.   North Carolina HB 91 - Only allows for the BACB. Unlawfully requiring association and free speech violations.

f.   Oklahoma 59 O.S. § 1928(B)(3) - Only allows for the BACB. Unlawfully requiring association and free speech violations.

g.   Oklahoma HOUSE BILL 2873 - Denies privileges to non residents regarding universal occupational licensure. Only Oklahoma citizens are eligible.

h.   Texas Behavior Analyst Licensure Act Sec. 506.002 - De Facto Only allows for the BACB. Unlawfully requiring association and free speech violations. The Department refuses to recognize any alternatives. Further, the law gives the BACB prejudicial treatment over alternatives and the law establishes an unconstitutional provision requiring "equal" certification rather than simply what is needed to protect the public thus violating the free speech clause.

i.   Wyoming HB 0110 Page 9 - BACB unfair advantage. Unlawfully requiring association and free speech violations. Further, the law gives the BACB prejudicial treatment over alternatives and the law establishes an unconstitutional provision requiring "equal" certification rather than simply what is needed to protect the public thus violating the free speech clause.

j.  Virginia Behavior Analyst Administrative Rules - The Virginia Behavior Analyst Advisory Board and staff admitted that the current rules do not comply with the statute but now they seek to define "nationally accredited to certify practitioners of behavior analysis" to restrict certain boards from participation against the intent of the legislature.

3.  The BACB is not required to follow due process or discrimination law as it is a private entity but the government is and by requiring association with an organizaiton that does not have the same constitutional requirements, the government is violating due process.. See Boy Scouts of America v Dale (2000). Further, the BACB is not required to comply with the Americans with Disabilities Act of 1990 because many of the BCBA supervisors are smaller than 15 employees. The BACB currently certifies practitioners at the Judge Rotenberg Center in Canton, Massachusetts that shock children for what they call bad behavior.

4.  There is immediate irreparable harm because of the following situations that are actively occurring:

a.  Patients are forced to get care from those associated with an organization that they likely disagree with.

b.  Patients are limited to one type of provider.

c.  Providers are forced to associate with an organization in violation of its free speech and association rights.

d.  Providers are forced to choose between their religious views or ability to practice based on the acceptance of only one board that associates with shocking children.

e.  Providers are denied due process because the private corporation is not required to follow the same requirements as the government and the government approves no alternative.

f.  Providers are unfairly prejudiced because they are not given equal representation on the state advisory or committee boards as those certified by the BACB.

g. Providers are unfairly prejudiced because they are not given equal treatment under the law where the state requires approval for alternative certification boards but not the BACB. The alternative boards must be treated equally as the BACB.

h. Providers are denied due process based on technicality rather than standard of care and safety of the public. Referring to Tricare allowing practice in one state but not another. As stated above if a state does not have a licensure law, the force BACB certification. Furthermore, they recognize the other QABA certifications so there is not reason not to recognize their supervisor the qualified behavior analyst certification.

i. Patients are required to wait for long periods of time because of extensive waiting lists for services. As they wait, the maladaptive behavior gets worse and more aggressive and the patient will never get that developmental time frame back.

j. Patients without services are at risk for self injurious behavior and serious complications.

k. Absent injunctive relief, patients, providers, and others will suffer harm that can never be undone because of the time lost.

l. Absent injunctive relief, states will alter the status quo and block providers from actively practicing based on new legislation.

m. Absent injunctive relief, states will deprive the Plaintiff of constitutional rights, such as the right to free speech, press, religion, due process, privileges and immunities, and more.

5. The Plaintiff poses no threat to the public. Plaintiff Moates is more qualified than most to provide behavior analytic services. He has been in the ABA field since 2016. He is a Licensed Behavior Analyst in the States of VT, IA, VA, AZ, and certified in FL. He is a Licensed Mental Health Counselor in the States of FL, VT, IN, NJ, and NH. Finally, he is a Licensed Psychologist - Master in the State of VT. He is certified by the Qualified Behavior Analysis Credentialing Board as a Qualified Behavior Analyst and the International Behavior Analysis Organization

as an International  Behavior Analyst. The Plaintiff is more than qualified to be licensed as a behavior analyst. The only thing blocking him is the forced association, contract, and payment with this private corporation.

6. There is no reason to block other boards as they do not pose a threat to the public. In fact many of the providers certified by the Qualified Applied Behavior Analysis Credentialing Board and the Behavior Intervention Certification Council have been practicing for 5 years or more.

7. Plaintiff Moates seeks a temporary restraining order for the purpose "of preserving the status quo and preventing [the] irreparable harm" that will occur if Defendants are allowed to restrict practice to those only who associate with and pay a fee to a private corporation in violation of the free speech, free exercise, and free establishment clauses. As well as the due process and privileges and immunities clause.

8. To merit such relief, the Plaintiff, as the moving party, must show: (1) a substantial likelihood of success on the merits (Constitutional Violations); (2) a substantial threat that failure to grant the injunction will result in irreparable injury to the moving party (Constitutional Violations and Harm to Patients and Providers); (3) the threatened injury outweighs any damages the injunction may cause defendant (Licensed Behavior Analyst, Mental Health Counselor, and Psychologist - Master) there are no threats to the public.); and (4) the injunction is in the public interest (It upholds the Constitution.). See Jackson Women's Health Org. v. Currier, 760 F.3d 448, 452 (5th Cir. 2014); Mayo Found. for Med. Educ. & Research v. BP Am. Prod. Co., 2:20-CV-34-Z, 2020 WL 759212, at *2 (N.D. Tex. Feb. 14, 2020) (applying same standard to temporary restraining order that governs preliminary injunction analysis).

9. The Plaintiff certifies to the court that he has gone above and beyond to give notice of this lawsuit by contacting every office of each state's attorney generals, contacting the US Attorney, and contacting the individual Defendants to the best of his ability given public information. Further, the US Attorney admits knowledge of the suit by entry onto the docket regarding service. The Plaintiff will send this

TRO to each office and every party he can reach. The US Attorney has contacted the Plaintiff via email and he will send a copy of this TRO and any proceedings to them.

10. The Plaintiff also asks the court to note that he has been given two contacts on behalf of the State of Texas for service. Elizabeth Salinas - Stritmatter and Farha Rizvi for the Attorney General's Office. Further, the Plaintiff asked for the State of Texas to help him achieve notice of individual Defendants and they refused despite having this information. Clearly, they seek to cause delays and lack of due process in this proceeding.

11. See:



Elizabeth Salinas-Strittmatter <Elizabeth.Salinas-Strittmatter@tdlr.texas.gov>
To: Michael Moates
Cc: Brad Bowman <Brad.Bowman@tdlr.texas.gov>  **+2 others**

Thu 6/16/2022 8:08 PM

Mr. Moates,

You are suing Board members *"in their personal capacity outside of their official positions"* as stated below. Therefore, it is not this Department's responsibility to forward your e-mail to Ms. Snyder or Ms. Mauk and we decline to do so.

Regards,
Elizabeth Salinas-Strittmatter
Assistant General Counsel
Texas Department of Licensing and Regulation

The Plaintiff will use all available means to make contact with each Defendant and send them a copy of this TRO and notify them of any proceedings.

The Plaintiff requests that this court issue a Temporary Restraining Order and Preliminary Injunction of the following:

1. Tricare may not block qualified behavior analysts from credentialing if the individual is licensed to practice or certified by a nationally accredited board in behavior analysis;

2. All states must give equal representation to alternative certification boards on any behavior analyst advisory board or committee;

3.  States may not decline to issue a license on the basis of simply not being certified by the BACB;

4.  States may not decline to issue a license on the basis of a certification not being equivalent in content to the BACB but rather must judge it on the basis of safety to the public;

5.  States may not decline to allow practice through medicaid on the basis of simply not being certified by the BACB;

6.  States may not decline allow a provider to join medicaid a certification not being equivalent in content to the BACB but rather must judge it on the basis of safety to the public;

7.  The State of Texas must take action to immediately create a process for reciprocity as required by the Behavior Analyst Licensure Act;

8.  The State of Texas may not deny any application for reciprocity without a hearing;

9.  The State of Missouri must issue a license pursuant to Rule 3 of its administrative code to insure due process; and

10. Any state where there is a universal licensure act may not discriminate against someone on the basis of residency as protected by the Privileges and Immunities Clause.

Thank you for your consideration.

VERY RESPECTFULLY,

/S/ PROF. MICHAEL MOATES, MA, QBA, LBA, LP- MASTER

6004 Oakland Bend Drive #116

Fort Worth, TX 76112

254-966-2837

mike@QBSWB.com