IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **MICHAEL STEVEN MOATES,**<br>*Plaintiff,*<br><br>v.<br><br>**JOSEPH R. BIDEN, JR., et al.,**<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. 6:22-CV-00626-ADA-JCM |

## ORDER DISMISSING WITHOUT PREJUDICE
## FOR FAILURE TO PROSECUTE

Before the Court is the Order to Show Cause entered by Magistrate Judge Jeffrey C. Manske on December 12, 2022. Judge Manske issued a Report and Recommendation recommending that Plaintiff's request be denied. ECF No. 12. The undersigned adopted the Report and Recommendation and overruled Plaintiff's objections on October 18, 2022. ECF No. 14. As of December 12, 2022, it had been fifty-five days since Plaintiff was denied permission to proceed in forma pauperis and Plaintiff has not paid the filing fee. Accordingly, Judge Manske ordered that Plaintiff pay the filing fee by December 22, 2022. ECF No. 15. In his order, Judge Manske made clear that failure to comply with this Court's order may result in dismissal for want of prosecution. *See id.*

As of the date of this Order—at least fifty-five (55) days after the Court imposed deadline—Plaintiff has still not paid the required fee. Plaintiff has not requested an extension of time or otherwise indicated that he desires to maintain the actions in this Court.

Under Rule 41(b), a court may order the dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules. or a court order." Fed. R. Civ. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *see generally McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988) (a district court may dismiss an action for failure to prosecute or to comply

with an order of the court). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the Court and appellate review is confined solely to whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 248 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

    The Court finds that Plaintiff's case should be dismissed under Rule 41(b) for failure to comply with the Court's order requiring payment of the filing fees. Plaintiff has failed to pay the filing fee in this case, despite the Court's explicit warning that failure to do so could result in dismissal. There is no reason to believe that this dismissal without prejudice will substantially prejudice Plaintiff's ability to refile her actions in another court. Accordingly, it is hereby **ORDERED** that, pursuant to Federal Rule of Civil Procedure 41(b), Plaintiff's above-entitled cause of action is **DISMISSED WITHOUT PREJUDICE**. Any relief not previously granted is hereby **DENIED**. The Clerk of the Court is directed to close the above-entitled cause of action. SIGNED this 15th day of February, 2023.

_____
**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**